## GUENTHER v. THE PEOPLE.

Upon an indictment containing nine counts for embezzlement of different grades, and others for larceny, a verdict "guilty of embezzlement" is equivalent to an acquittal of the larcenies charged, and a bar to any subsequent prosecution.

One of the counts for embezzlement being good, the verdict means that he is guilty of the offence as charged therein.

An entry by order of the court after the jury was discharged, in amendment of the verdict as first recorded, that "the jury find the prisoner not guilty of the larceny charged," is unwarranted and nugatory.

WRIT of error to the Supreme Court. The plaintiff in error was arraigned and put upon trial at the Erie Oyer and Terminer, on an indictment containing twenty-three counts; nine for embezzlement of different sums of money at different times and fourteen for larceny. The jury rendered a verdict "guilty of embezzlement," which was entered by the clerk, and the jury were then discharged. Afterwards, and during the term, the court, on motion of the district attorney, directed the clerk to make the following further entry after the finding of the jury, viz.: "the jury find the prisoner not guilty of the larceny charged," which was accordingly done. The court had charged upon the trial that the prisoner could not be convicted of larceny. Upon this conviction the prisoner was sentenced to the State Prison.

The prisoner brought error to the Supreme Court, where the conviction was affirmed, and he brought error to this court.

The grounds of error alleged were:

*First.* That the verdict was erroneous and void, because it did not dispose of all the issues wherewith the jury were charged.

*Second.* That the verdict was void for uncertainty, because it did not find that the indictment or . any part of it was true, but only that the defendant was " guilty of embezzlement."

*John L. Talcott,* for the plaintiff in error.

*Henry W. Rogers,* for the People.

JAMES, J. The first count in the indictment for embezzlement was good. Whether or not the other counts for that offence were good is of no importance, because the verdict was general as to embezzlement, and after a general verdict of guilty the conviction will be sustained, if there be one good count, even though the indictment contain many defective ones. No objection was made to any of the counts for larceny.

The addition made to the verdict by the court after the discharge of the jury was clearly irregular, and must be disregarded. The act was wholly without authority and without precedent.

The indictment contained counts for both embezzlement and larceny; the prisoner was tried for both offences; evidence was given endeavoring to establish both, which was submitted to the jury. Finding the prisoner guilty of embezzlement was equivalent to a verdict of not guilty of the larceny charged. No other construction can be put upon the verdict. The question of guilt or innocence of both offences charged was submitted to the jury, and that body found him guilty of but one, and designated which. Trial and conviction upon this indictment is a bar to any subsequent prosecution for the larceny therein charged. (*U. S.* v. *Keen,* 1 McLean, 429 ; 2 Caines, 304; 18 J. R., 187, 206.) Not only may a verdict of guilty be rendered on one count and not guilty upon another, but if the jury find the prisoner guilty on one count, and say nothing in their verdict concerning the other counts, it will be equivalent to a verdict of not guilty on such counts. (*Morris* v. *State,* 8 Smede & Mar., 762; 7 Blackf., 186; 9 Leigh, 627; 4 Scam., 168.)

The verdict is not void for uncertainty. It finds the prisoner guilty of an offence charged in the indictment, and means that offence as charged therein. Its effect is the same as would be a verdict of guilty under a single count. The words " of embezzlement " were added to designate to which offence they intended the verdict to apply.

The judgment should be affirmed.

All the judges concurred, except

SELDEN, J. (Dissenting.) It is unnecessary in this case to determine whether the judge was right in directing a verdict of not guilty to be entered upon the counts in the indictment charging the defendant with larceny. If the proceedings as had, operate as a virtual acquittal of the plaintiff in error upon the charge of larceny, and are as effectual to protect him from a second indictment for that offence as if a verdict of not guilty had been actually found, he could then have no legal reason to complain that judgment was rendered against him upon that portion of the charge upon which he was found guilty.

But it is contended by the counsel that there is no mode in which the plaintiff in error could avail himself of these proceedings, as a bar to a second prosecution: that the only pleas known to the law in such cases are those of *autrefois convict,* and *autrefois acquit,* and that no plea which does not come up to one or the other of these can amount to a defence. This position cannot, I think, be sustained, either upon principle or authority. The common-law maxim and the constitutional provision, that no man shall be twice put in jeopardy for the same offence, might be effectually evaded, if after entering upon a trial for crime, and finding that the evidence is insufficient, or that the jury would probably refuse to convict, the case can be abandoned, or the jury discharged, and the accused be again brought to trial upon the same charge. He could plead neither *autrefois convict* nor *autrefois acquit* in such a case, and yet if the protection afforded by the Constitution is of any value, he must, when again put upon his trial, be per-

mitted to avail himself, in some form, of the proceedings upon the first trial as a defence.

There is, notwithstanding the dearth of authority on this subject, enough, I think, to show that the doctrine of the courts is in accordance with the dictates of reason and principle. In the case of *Conway & Lynch* v. *The Queen* (7 Irish L. R., 149), which was an indictment for murder, a plea that the prisoners had been given in charge to a jury at a previous court, and that the jury after having heard the evidence was discharged without any legal cause, was held to be a good defence; and this decision was cited and commented upon by the English judges in the case of *Mercy C. Newton* (13 Adolph. & Ellis, 716), without any apparent doubt as to its accuracy.

The Supreme Court of Pennsylvania held in the cases of *The Commonwealth* v. *Cook* (6 Serg. & Rawle, 577), and *Commonwealth* v. *Clue* (3 Rawle, 498), that when upon a trial for crime the jury are improperly discharged without finding a verdict, if the prisoner is again brought to trial upon the same charge, he may plead the proceedings upon the first trial in bar of the second; and although the courts of this State differ with those of Pennsylvania in respect to the right of a judge to discharge a jury in a capital case, for the reason that they are unable to agree, they nevertheless concur with these courts in the doctrine, that when the jury have been improperly discharged after hearing the evidence upon one trial, the prisoner may avail himself of the proceedings upon the first trial, as a protection against the second.

It is true, that in the case in which this was held, viz.: *The People* v. *Barret & Ward* (2 Caines, 304), the question arose not upon a plea but upon motion in arrest of judgment. But if the objection was good in arrest, it follows that it must be equally good if set forth in a plea. There are many objections which, although good if pleaded, are not available in arrest of judgment; but there is, I apprehend, no case in which the converse is true, where the facts upon which the defendant relies occurred before pleading. It may be regarded as clear that a plea setting forth in a proper manner, the proceedings

had upon the trial of the indictment against the plaintiff in error, would be a bar to a second indictment for the crimes charged in the first. There is, therefore, no ground for reversing the judgment for the reason that the verdict of the jury is silent as to the counts for larceny.

But there is another objection to the judgment, which it is not so easily to surmount. I have, thus far, assumed that the verdict as entered was equivalent to a general verdict of guilty upon all the counts in the indictment charging the prisoner with embezzlement. It is, however, insisted that the verdict was void for uncertainty; and that no judgment could properly be pronounced upon it. The verdict as entered upon the record is, "that the said Nelson J. R. Guenther is guilty of embezzlement." If this is equivalent to a verdict that the prisoner was guilty of the embezzlement charged in the indictment, it is undoubtedly sufficient, although several of the counts for embezzlement were defective; as such a verdict would convict the prisoner of all that is charged against him, and hence if there is one good count he may be sentenced upon that. But verdicts, especially verdicts in criminal cases, are for obvious reasons regarded with great strictness. In construing them every intendment is in favor of the prisoner, and nothing whatever is to be taken by implication against him. This is a universal rule, and is without exception. In the case of *Rex* v. *Francis*, which was an indictment for robbery, the court refused to intend that Cox, the party robbed was present when the money was taken, although the jury expressly found, that the prisoner, after knocking the money out of Cox's hand, and preventing him by threats from taking it up, "immediately" took up the money himself.

The Supreme Court of Massachusetts held, in the case of *Commonwealth* v. *Call* (21 Pick., 509), that a verdict finding the defendant guilty of everything charged in the indictment, but omitting to state in express terms, that the crime was committed in the county, where the indictment was found, was too defective to support the sentence founded upon it; and in the case of *Dyer* v. *The Commonwealth*, upon an indictment for receiv-

ing goods, burglariously stolen, knowing them to have been stolen, the verdict was in these terms: "The jury find the said D. guilty of receiving and aiding in concealing stolen goods, knowing them to have been stolen, but not knowing them to have been burglariously stolen." The court held this verdict to be fatally defective, because it did not find that the ·defendant had received the goods described in the indictment. This last case can scarcely be distinguished, in principle, from that under consideration. The verdict here has the same defect, and cannot be sustained without overruling the Massachusetts case.

But the decision in that case is not only supported by the English cases, but was, as it seems to me, clearly right upon principle. To have held otherwise would have been to reverse the rule that the court cannot supply a defect in the finding of the jury in a criminal case, by intendment or implication. The case now before the court is a strong case for the application of this rule. Had there been but one charge of embezzlement, the probability would have been very strong that the jury by their verdict, that the prisoner was guilty of embezzlement, meant the embezzlement charged in the indictment. This would, however, even then, have been no more than a probable conjecture. The language in no manner implies such an intent, even if implications were admissible in such a case. But here the charges of embezzlement were various, and of different grades; and I see nothing in the verdict to raise even a strong probability that the jury intended to find the prisoner guilty upon all the charges; and this is indispensable to the support of the judgment.

It is true, that a general verdict of "guilty" is said to convict the prisoner of all that is charged against him. But this is because such a verdict is uniformly entered upon the record as a verdict that the prisoner is "guilty of the charge *set forth in the indictment*," or "in manner and form as charged in the indictment," or something equivalent to this. This reference in a verdict to the charge in the indictment is, I apprehend, necessary; and hence it is that the clerk of the court in all

cases, both in England and in this country, after the jury have announced a verdict of guilty, first enters the verdict in form in the minutes of the court, and then calls again upon the jury to assent to the verdict as it has been recorded. It has, I think, never been held that a general verdict, entered upon the record in the language in which it is first delivered by the jury, merely finding the defendant "guilty," without in some manner showing the offence of which he is convicted to be that for which he has been indicted, would be sufficient. Such a decision would be in direct and palpable conflict with the whole current of authority on the subject, both ancient and modern. The judgment of the Supreme Court should be reversed, and the prisoner should be discharged.

Judgment affirmed.