(67 App. Div. 344.)

## PEOPLE v. COX.

(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

1. INDICTMENT FOR MANSLAUGHTER—CONVICTION OF ASSAULT—STATUTE—RETROACTIVE EFFECT—EX POST FACTO LAW.

The amendment to Code Cr. Proc. § 444, which provides that on a trial for murder or manslaughter defendant may be convicted of assault in any degree, cannot be construed as applying to pending indictments, without violating the federal constitution against ex post facto laws, as such act alters the situation of the defendant to his disadvantage, within the definition of such laws.

2. SAME—INDICTMENT BEFORE TRIAL—DEPRIVATION OF RIGHT.

The act cannot be construed as applying to pending indictments without depriving the defendant of his right to be indicted by the grand jury before being tried for an assault, guarantied him by the state constitution (article 1, § 6), which provides that no one shall be held to answer for an infamous crime unless on presentment or indictment of a grand jury.

3. SAME—MOTION IN ARREST OF JUDGMENT.

Where the court had jurisdiction to try an indictment for manslaughter, and the indictment fully and correctly stated facts to constitute the crime charged, a motion in arrest of a judgment convicting the defendant therein of assault was properly denied, though a conviction for assault was unauthorized under an indictment for manslaughter; Code Cr. Proc. §§ 331, 467, authorizing such motion only where the court has no jurisdiction, or where the facts stated do not constitute a crime.

4. SAME—EFFECT—ACQUITTAL OF MANSLAUGHTER.

On an indictment for manslaughter, a verdict convicting the defendant of an assault, without reference to the charge of manslaughter, was equivalent in law to an acquittal of the latter crime.

5. SAME—MOTION FOR NEW TRIAL—NECESSITY.

On an indictment for manslaughter, where a verdict and judgment were rendered convicting the defendant of an assault, thereby in effect acquitting him of the crime charged, no motion for a new trial was necessary to entitle defendant to relief, he having moved to be discharged on the ground that the verdict amounted to an acquittal of manslaughter, and that the conviction for assault was unauthorized, and a nullity.

6. SAME—DECISIONS REVIEWABLE.

On an indictment for manslaughter, the refusal of the trial court to treat a verdict convicting the defendant of assault as an acquittal of the crime charged, and to discharge him, and its direction that a judgment of conviction for assault be entered, are all decisions in a proceeding, appearing as part of the judgment roll, and reviewable, within Code Cr. Proc. § 517, authorizing a review of any decision "in an intermediate order or proceeding forming part of the judgment roll."

7. SAME—REVERSAL—HOLDING DEFENDANT TO ANSWER NEW INDICTMENT.

On an indictment for manslaughter, where judgment convicting the defendant of assault is reversed on appeal because without warrant of law, the court will not hold the defendant to answer on another indictment for assault, he being a permanent resident of the county, and there being nothing to prevent his arrest for that crime.

Appeal from Tioga county court.

Elisha Cox was convicted of assault in the third degree, and appeals. Reversed.

Argued before PARKER, P. J., and EDWARDS, SMITH, CHASE, and HOUGHTON, JJ.

Lynch & Davis, for appellant.

Oscar B. Glezen, Dist. Atty., for the People.

PARKER, P. J.　On the 22d day of March, 1900, the grand jury of Tioga county presented to the supreme court an indictment against the defendant, Elisha Cox, charging him with the crime of manslaughter in the second degree, in that he, in said county, on the 19th day of January, 1900, "upon the person of him, the said Thomas F. O'Hearn, with force and arms, and in the heat of passion, and with great weight and strength, upon the person of him, the said Thomas F. O'Hearn, unjustifiably and unexcusably did kneel, and place his knees upon the breast of him, the said Thomas F. O'Hearn, whereby and by means whereof the ribs of him, the said Thomas F. O'Hearn, were broken and crushed, by means of which injury he, the said Thomas F. O'Hearn, became sick and ill, and upon the 28th day of January, 1900, did die," etc. Such indictment was thereupon sent to the Tioga county court for trial, and on June 11, 1901, the said defendant was arraigned thereon, and pleaded not guilty thereto. He was then put upon his trial, and when the evidence was all in the jury were instructed by the court to the effect that, if they found that the defendant did not cause O'Hearn's death, they could not find him guilty of manslaughter, but might find him guilty of such a degree of assault as they believed the evidence before them warranted. The jury found the defendant guilty of assault in the third degree. The defendant thereupon made two motions,—one for an arrest of judgment, and the other that the defendant be discharged. The court denied both motions, and ordered judgment entered upon the verdict, and thereupon passed sentence upon the prisoner. Exceptions were duly taken by the defendant, and he thereupon duly appealed from such judgment to this court. A bill of exceptions was settled by the county judge, and is annexed to and forms a part of the judgment roll.

The defendant complains that upon an indictment for manslaughter in the second degree the defendant could not be lawfully put to

trial or convicted for assault in any degree (see People v. McDonald, 159 N. Y. 309, 54 N. E. 46), and the district attorney concedes that at the time such decision was made such was the law. But by an amendment to section 444 of the Code of Criminal Procedure, which took effect April 23, 1900, it is provided that "upon a trial for murder or manslaughter, if the act complained of is not proven to be the cause of death, the defendant may be convicted of assault in any degree constituted by said act, and warranted by the evidence"; and he claims that such amendment was applicable to this case, and authorized a conviction for assault under this indictment. It will be noticed that this amendment, although operative at the time of the trial, was not passed until after the indictment in question was found by the grand jury; and it is strenuously urged by the defendant that it should not be held to be applicable to such indictment. It is urged, first, that the legislature did not intend it to have any retroactive effect, and the provisions of section 954 of the same Code are invoked as evidence thereof. That section provides that "no part of this Code is retroactive, unless expressly so declared," and would seem to sustain the defendant's claim in that respect. Also he urges that to apply such amendment to indictments then existing would be to give it, as to them, an ex post facto effect, and therefore would violate the provision of the federal constitution. In this claim, I think, he is correct. If this amendment but worked a change in procedure that affected no substantial right of the defendant, it could not be deemed an ex post facto law, though so applied. But it is well settled that any law which has the effect to alter the situation of a party to his disadvantage is ex post facto as to him. 12 Am. & Eng. Enc. Law, p. 525; Kring v. Missouri, 2 Sup. Ct. 443, 107 U. S. 221, 27 L. Ed. 506. And such seems to me to be the clear effect of applying this amendment to this indictment. On March 22d, when this indictment was presented, it charged the defendant with the crime of manslaughter in the second degree only. Under it the defendant could not have been called to plead to any other charge, nor could he be tried or convicted for any other crime. By giving this amendment a retroactive effect, so as to make it applicable to the indictment in question, the defendant has been tried and convicted for a crime which the grand jury have never investigated, and have never presented against him. But his right to be so indicted before being tried for the crimes named in such amendment is a constitutional right, and it can hardly be said to be a mere change in form, not working to his prejudice, that deprives him of such a right. Moreover, it is provided by the constitution of this state (article 1, § 6) that "no person shall be held to answer for a capital or otherwise infamous crime * * * unless on presentment or indictment of a grand jury." The effect of applying this amendment to all indictments pending at the time it became a law is evidently to deprive the parties named therein of this constitutional right, so far as their trial and conviction for the assault therein named is concerned. It cannot, therefore, be considered that it was the legislative intent to work such a direct violation of constitutional rights as such a retroactive application

would effect. It is rather to be held that it was intended to apply only to cases arising after and under it, and in which it could be enforced without violating any constitutional or other rights. I conclude that such amendment did not apply to or affect the indictment in question, and that the court erred in instructing the jury that it did.

The district attorney, however, claims that, even though there was error in this respect, the practice which the defendant adopted has barred him from any relief. Upon the coming in of the verdict the defendant asked the court to arrest the judgment, and also to discharge the defendant. The grounds upon which a motion in arrest of judgment may now be made (Code Cr. Proc. §§ 331, 467; People v. Buddensieck, 103 N. Y. 497, 9 N. E. 44, 57 Am. Rep. 766) are not applicable to this case. The court had jurisdiction to try the indictment, and the indictment fully and correctly stated facts to constitute the crime charged. Therefore the district attorney is correct in claiming that no error was committed by the trial court in refusing that request. The defendant also then stated that he did not ask for a new trial, and he still claims that he does not desire one. No motion for one appears in the record, and the district attorney therefore claims that by such omission the defendant waived all right to any relief for any errors committed upon that trial. He insists that under such circumstances the trial court could do no more nor less than direct judgment on the verdict, and impose sentence upon the defendant. But it appears from the record before us that the defendant did make to the court the two distinct requests above stated. They were based upon the theory that the verdict rendered was, as to the crime of manslaughter charged in the indictment, in legal effect a verdict of not guilty; and such, I think, is the effect which must be given to it. The jury were distinctly instructed that they must first consider and decide whether the defendant had caused the death of O'Hearn, and it was only in the event that they concluded that the evidence failed to convict him of that act that they could proceed to the consideration whether he was guilty of an assault. So, also, the verdict convicting him of an assault without reference to the charge of manslaughter is equivalent in law to an acquittal of the latter crime. Guenther v. People, 24 N. Y. 100; People v. Dowling, 84 N. Y. 478, 483; People v. McCarthy, 110 N. Y. 309, 314, 315, 18 N. E. 128. Assuming, then, that the jury had concluded that the defendant was not guilty of the manslaughter charged, the defendant's counsel claimed to the court that the right to convict for any crime was utterly gone; that so much of the trial as assumed to convict for an assault, and the instruction of the court to that effect, and the verdict of the jury based thereon, were utterly unwarranted; and that the only judgment that could properly be entered in the action was one of acquittal. It is true that this motion was not made in this precise phrase, but those actually made, in connection with the grounds then stated, viz. that the verdict rendered was equivalent to an acquittal, and that the verdict, so far as it tended to convict the defendant of assault in the third degree, was a nullity, were, in substance, to that effect. They apprised the court of the exact relief

which the defendant asked. The defendant did not complain of errors that had resulted in an improper conviction for the crime charged against him, and therefore ask for a new trial upon the indictment; but he claimed that he had been acquitted, and asked for a judgment to that effect. That relief, in my opinion, the trial court had the undoubted right to grant, and no motion for a new trial was necessary or proper in order to obtain it. Upon an appeal from a judgment of conviction this court may review any decision of the trial court "in an intermediate order or proceeding forming a part of the judgment roll." Code Cr. Proc. § 517. The refusal of the trial court to treat the verdict as an acquittal of the defendant of the crime charged in the indictment, to enter the proper judgment thereon, and to discharge the defendant, and its direction that judgment of conviction against the defendant for an assault in the third degree be entered, are all decisions in a proceeding appearing as a part of the judgment roll before us. These decisions we may therefore review, and upon the record so presented, though no motion for a new trial has been asked, we may determine whether the conviction, judgment, and sentence so rendered against the defendant should stand or be reversed. It is very apparent from the record before us that the trial, so far as it proceeded upon the indictment, and for the crime charged therein, was properly conducted, and that as to that crime the jury found that the defendant was not guilty. But as to the further effort to convict the defendant of the crime of assault in some one of its several degrees all proceedings were irregular, and utterly without warrant. The legal result of the trial was to acquit the defendant of the crime for which he was indicted; but the result which the trial court has recorded, and for which it has awarded judgment, is a conviction of the defendant for a crime for which he has never been indicted, and for which he was not then on trial. Such judgment and the sentence thereon must be reversed, and a judgment of acquittal must be entered upon the verdict in favor of defendant. Code Cr. Proc. § 449.

The district attorney claims that, if this judgment is reversed, the defendant should be held to answer upon another indictment for the crime of assault in the second degree, in accordance with the provisions of section 470 of the Code. If it be conceded that such section is applicable to this case, I do not now consider whether or not there is reasonable ground to believe him guilty of such crime. Even though this court do not so order, there is nothing to prevent his indictment and arrest for that or any other crime, save the one set forth in the indictment, and for which he has been acquitted. It appears that the defendant is a permanent resident of Tioga county, and the slight chance of his absconding from such a charge is better · taken than that we should pronounce in advance upon the sufficiency of the evidence to convict him of that crime.

The judgment appealed from should be reversed, and a judgment of acquittal entered in lieu thereof, and the defendant discharged. All concur.