CITY OF BUFFALO, Respondent, *v.* HANNA FURNACE CORPORATION et al., Appellants.

Fourth Department, November 12, 1952.

*Fred C. Maloney, Corporation Counsel (Francis E. Cornish* of counsel), for respondent.

*Dana B. Hellings, Ralph Ulsh* and *Percy R. Smith,* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Matthew A. Tiffany* and *Wendell P. Brown* of counsel), for Bertram D. Tallamy, as Superintendent.

*Per Curiam.* The defendants have moved for an order permitting them, pursuant to the provisions of section 288 of the Civil Practice Act, to take a deposition of Bertram D. Tallamy, Superintendent of Public Works of the State of New York and Chairman of the New York Thruway Authority, a public corporation. Neither the State nor the Thruway Authority is a party to the action, Mr. Tallamy's deposition being sought as that of a witness. The proposed witness appeared on the motion and persuaded the Special Term to deny the order upon the ground that there was no authority therefor.

While we believe an order granting the right to take the deposition of Mr. Tallamy in the instant case might, under the circumstances disclosed, be justified, we do not find any authority for the court to so order. There is no question that the authority for taking the deposition of a witness before trial is purely a creature of statute and has no roots in the common law. The portion of the statute upon which the defendants rely has never been interpreted, so far as we can discover, with regard to the examination, as a witness, of a governmental unit or its employees. There is, on the other hand, a considerable history of decisions and rather recent legislation regarding the other portion of section 288, which is directed to the taking of depositions of parties. The courts have long held that the State, municipalities or an employee of either could not be examined before trial as a party, even though the statute permits a party to take the deposition of " any other party ". (*Rucker* v. *Board of Educ. of City of N. Y.,* 284 N. Y. 346 [1940]; *Bush Terminal Co.* v. *City of New York,* 259 N. Y. 509 [1932]; *Friedman* v. *State of New York,* 250 App. Div. 809 [1937]; *Uvalde*

*Asphalt Paving Co.* v. *City of New York,* 149 App. Div. 491 [1912].) This conservative construction by the courts has been whittled away by later statutory enactments covering particular situations in which the State, municipalities or public corporations are parties. (Court of Claims Act, § 17, subd. 2; L. 1939, ch. 860; Civ. Prac. Act, § 292-a, as added by L. 1941, ch. 921, as amd. by L. 1942, ch. 830.)

The Legislature has, however, only piecemeal broadened the rule relating to pretrial depositions of governmental units, but has not, except in the case of a municipal or public corporation or where the action is brought in the Court of Claims, overturned the rule that the State itself or an agency thereof may not be required to give a deposition before trial when a party to the action. This in spite of the fact that the opportunity has presented itself most pointedly several times within a little more than the past decade.

Examination of witnesses before trial is not granted with the same freedom as the examination of a party. (*Bloede Co.* v. *Devine Co.,* 211 App. Div. 180.) Thus, as the Legislature has not overruled the judicial interpretation of section 288 that the State or an agency thereof may not be examined as a party, we do not feel justified in construing the section to allow examination of a nonparty public corporation as a witness.

Such proposed expansion of the statute calls for legislative rather than judicial action.

The order should be affirmed, with $10 costs and disbursements.

PIPER, J. (dissenting). The majority of the court in its opinion agrees that under the circumstances shown in the record, the defendants should be permitted to examine the witness, but find no authority for the court to grant the order. I cannot agree. The language of the statute gives the authority. In plain and simple language section 288 of the Civil Practice Act says: " Any party to such an action also may cause to be so taken the testimony of any other person, which is material and necessary, where such person * * * resides at a greater distance from the place of trial than one hundred miles * * * or other special circumstances render it proper that his deposition should be taken."

It is not disputed that Mr. Tallamy resides more than one hundred miles from Buffalo. That there are " special circumstances [which] render it proper that his deposition * * * be taken " becomes clear upon the reading of New York State

Thruway Authority Act (L. 1950, ch. 143), particularly subdivision 8 of section 356, and the intent and purpose of that statute indicates, in my opinion, that his testimony is material and necessary to the defendants' case.

The majority of the court agrees that there is no judicial precedent, directly in point, which holds that an officer or employee of a public corporation cannot be examined as a witness under section 288, but feel bound by the decisions holding that an officer or employee of the State or of a municipal corporation may not be examined as a party. In 1941 these decisions came to the attention of the Legislature and section 292-a was added to the Civil Practice Act (L. 1941, ch. 921) which restored the right, taken away by decisions, to examine officers or employees of a public corporation as a party. Prior to this and in the year 1939 (L. 1939, ch. 860), the Legislature by adding subdivision 2 to section 17 of the Court of Claims Act had permitted a claimant to examine an officer or employee of the State in a proper case. As the language of section 288 of the Civil Practice Act is clear and as no judicial precedent is called to our attention which changes its meaning as to the examination of an officer of a public corporation as a witness, I see no reason why this court, in circumstances such as these, is required to look to precedents overruled by legislative enactments, to deny relief that all concede is material and necessary to these defendants.

There is another reason why the examination should be permitted. There can be no question but that the information sought must be made available to the defendants and to the court on the trial of the issues. If the deposition is not taken before trial, the defendants will undoubtedly be compelled to subpœna the witness at the trial and he may be called upon to bring with him many records and plans. Certainly an examination at his office in Albany would better suit his convenience and take far less time than to attend court in Erie County.

All concur, except PIPER, J., who dissents and votes for reversal and for granting the motion, in an opinion.

Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Order affirmed, with $10 costs and disbursements. [See 281 App. Div. 801.]