THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EARL W. BURCH, Appellant.

Fourth Department, March 20, 1953.

*John M. Liddy, District Attorney* (*Dominick J. Parry* of counsel), for respondent.

*Joseph Serino* for appellant.

Taylor, P. J. This is an appeal from a judgment of the County Court of the County of Oneida, convicting the defendant of the crime of rape in the second degree.

The defendant was tried upon an indictment containing a single count charging him with the commission of the crime of rape in the first degree, committed as follows: " The said defendant, on or about the 23rd day of March, 1952, at the Town of Rome, in this County, wrongfully, unlawfully and feloniously did perpetrate an act of sexual intercourse with, and carnally know one [giving name], a female not his wife, against her will and without her consent."

At the trial the People adduced evidence sufficient to warrant submission to the jury of the question of defendant's guilt of the charge set forth in the indictment; also evidence tending to establish that the prosecutrix at the time of the commission of the offense was under the age of eighteen years, and defendant over the age of twenty-one years.

In his charge, the Trial Judge, after adequately instructing the jury on the law applicable to both rape in the first degree and rape in the second degree, charged them that if convinced beyond a reasonable doubt that there was a crime committed by defendant in some degree, but if they had a reasonable doubt as to what degree, the defendant could only be convicted of the lesser degree of the crime.

The jury found defendant guilty of rape in the second degree, thereby acquitting him of the crime charged in the indictment.

On the day appointed for sentence defendant's counsel moved for the discharge of the defendant on the ground that the court lacked jurisdiction to sentence him, stating: " It appears that he was convicted of the crime of rape in the second degree, a crime for which he was never indicted; nor did the indictment on which he was tried contain a sufficient statement of facts indicating that he was being tried for rape in the second degree as well as rape in the first degree." The court denied the motion and defendant's counsel excepted. The court then pronounced sentence upon the defendant.

We think that the court should have granted defendant's motion.

Sections 444 and 445 of the Code of Criminal Procedure are relied upon to support the judgment of conviction. Said section 444, so far as pertinent, provides: " Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment,

and guilty of any degree inferior thereto, or of an attempt to commit the crime.''

It would seem clear that within the meaning of this section, the crime of rape in the second degree is not an inferior degree of the crime of rape in the first degree charged in the indictment. Rape in the first degree does not include all the legal and factual elements of rape in the second degree. The ages of both prosecutrix and defendant are essential elements of the crime of which defendant was convicted (Penal Law, § 2010). Such ages are not elements of the crime charged in the indictment. In other words, the crime of rape in the first degree as charged in the indictment in this case, and that of rape in the second degree as defined by the statute are substantively and generically separate and distinct.

In *Dedieu* v. *People* (22 N. Y. 178, 185), the court in construing a similar statutory provision (Rev. Stat. of N. Y., part 4, ch. 1, tit. 7, § 27), laid down the applicable rule as follows: '' upon an indictment for an offense consisting of different degrees, the jury may, in a case in other respects proper, find the accused not guilty in the degree charged, but guilty in any inferior degree of the same offense. Such finding would be proper where the act proved was the identical act set forth in the indictment, and where all the circumstances descriptive of the inferior degree, of which the defendant was to be convicted, were also parcels of the offense in the higher degree, and were contained in the indictment; and such finding would not be proper in any other case.''

Said section 445 provides: '' In all other cases, the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment.'' In the case of *People* v. *Miller* (143 App. Div. 251, affd. 202 N. Y. 618), section 445 was construed as requiring that the lesser offense for which a conviction might be had must be either included in the statutory definition of the crime for which the defendant is indicted or included in the acts set forth in the indictment.

If we eliminate from the indictment the words '' against her will and without her consent '' which are necessary to charge rape in the first degree, the indictment then charges no crime at all. In order to charge rape in the second degree, it was not only necessary to allege that the complainant was under the age of eighteen years but also, since April 1, 1950 (L. 1950, ch. 525), that the defendant was of the age of twenty-one or over. Thus the elements of the crime of rape in the second

degree are not necessarily included in the acts charged in the indictment.

It follows that neither section 444 nor section 445 of the Code of Criminal Procedure authorized the court under this indictment to submit to the jury the question of defendant's guilt of the crime of rape in the second degree.

The judgment of conviction and order should be reversed and the indictment dismissed.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Judgment of conviction reversed on the law and indictment dismissed.