ROSARIO R. LO PRESTI et al., Respondents, v. PIERINA VALENTI, Appellant. — Order adjudging defendant guilty of contempt of court for violating an order enjoining her from engaging in business and fining her the sum of $2,461.40 affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Wenzel, Schmidt and Beldock, JJ., concur.

∎

ROSARIO R. LO PRESTI et al., Respondents, v. PIERINA VALENTI, Appellant.— Order directing appellant to serve a corrected record on appeal in a contempt proceeding arising out of an action for injunction reversed on the law, with $10 costs and disbursements, and motion denied, with $10 costs. In the light of the fact that this was an appeal from an order, the court at Special Term erroneously made the order. Any appropriate relief should have been sought in this court pursuant to rule 234 of the Rules of Civil Practice. In any event no matter of substance is involved. Nolan, P. J., Carswell, Wenzel, Schmidt and Beldock, JJ., concur.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERT KAHN, Appellant.— Defendant appeals from an order denying his motion, in the nature of a writ of error, *coram nobis,* to vacate a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting him of practicing medicine without a license. Order affirmed. Appellant was convicted after a trial, and the alleged error of which he now complains appeared on the face of the record, which was reviewed by this court on appeal from the judgment of conviction. (*People* v. *Kahn,* 266 App. Div. 787.) Under such circumstances, *coram nobis* is not available. (*People* v. *Sadness,* 300 N. Y. 69.) Nolan, P. J., Carswell, Wenzel, Schmidt and Beldock, JJ., concur.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH F. O'BRIEN, Appellant.— Judgment of the County Court, Kings County, convicting appellant of perjury in the first degree affirmed. No opinion. Carswell, Adel and Beldock, JJ., concur; Nolan, P. J., and Schmidt, J., dissent and vote to reverse the judgment and to dismiss the indictment, with the following memorandum: The count in the indictment on which defendant was convicted charged that, having been sworn before the Grand Jury, he testified falsely that the answers given by him to questions contained in a questionnaire theretofore submitted to him were true " to the best of his knowledge, information and belief "; that among such questions was the following: " Did you, your wife or any dependent ever rent or have access to any safe deposit box, the use of which you no longer have? " and that the defendant answered " No " to said question. The People's evidence established that appellant had rented a safe-deposit box but that at the time when he gave the testimony, he had access to and the use of the box. His answer, therefore, was not false in fact, and there was no evidence that his belief was contrary to the facts as above stated.