THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY ANDREWSKI, Appellant.— Judgment of conviction and order reversed on the law and indictment dismissed. Memorandum: The defendant was indicted for the crime of rape in the first degree, pursuant to section 2010 of the Penal Law. He was convicted of and sentenced for the crime of rape in the second degree although not charged with such crime in the indictment. This court has held that the crime of rape in the first degree and the crime of rape in the second degree " are substantively and generically separate and distinct " and that " neither section 444 nor section 445 of the Code of Criminal Procedure authorized the court under this indictment to submit to the jury the question of defendant's guilt of the crime of rape in the second degree." (See *People* v. *Burch*, 281 App. Div. 348, 350–351.) All concur. (Appeal from a judgment convicting defendant of the crime of rape, second degree. The order denies a motion for a new trial.) Present — McCurn, Vaughan, Kimball, Piper and Wheeler, JJ.

## (July 9, 1953.)

CITY OF BUFFALO, Respondent, v. HANNA FURNACE CORPORATION et al., Appellants.— Upon remission from the Court of Appeals (305 N. Y. 369), order of this court and of the Supreme Court reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur. Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ. [280 App. Div. 623.]

WILLIAM H. DE WITT et al., Appellants, v. NELLIE PATTERSON, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The vendor here accepted late payments. Under such circumstances the forfeiture clause in the contract is waived and may not be reinstated except upon notice to the purchaser that if he does not pay the balance due within a reasonable time his contract rights are terminated. No notice was given in accordance with the terms of the contract. The oral conversation with Klonick was not proper notice and the figure stated was $150 more than was due. Although urged by plaintiffs in their brief, the record does not show that the payment of $300.32 on December 15, 1949, was sufficient to entitle the plaintiffs to a deed under the terms of the contract. In view of this state of the record this question should be passed upon by the trial court. All concur. (Appeal from a judgment adjudging that plaintiff's complaint be dismissed in an action to impress equitable lien on realty.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.