## FOURTH DEPARTMENT, NOVEMBER, 1958

## (November 12, 1958)

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY CIPOLLA, Appellant.

Judgment of conviction reversed on the law and facts and indictment dismissed.  Memorandum:  The defendant was indicted on one count of kidnapping, one count of assault and two counts of sodomy in the first degree.  The Trial Judge submitted kidnapping, assault and both counts of sodomy first degree to the jury and also submitted sodomy in the second degree upon the erroneous theory that sodomy second was an " included crime " or a " degree inferior " to the charge of sodomy first and therefore could properly be submitted under sections 444 and 445 of the Code of Criminal Procedure. The jury returned a verdict of not guilty of kidnapping and assault and, " The second count, sodomy, we find the defendant guilty of sodomy in the second degree.  On the third count of sodomy we find the defendant not guilty." That sodomy second of which defendant was convicted was not such an

"included crime" was determined in *People* v. *Burch* (281 App. Div. 348), a case which considered a similar question with respect to rape in the first and second degrees. The statutory language of the Penal Law for rape and sodomy is the same for all practical purposes; therefore, the *Burch* case is determinative as to both crimes. Since sodomy second was not an "included crime," defendant was convicted of a crime with which he was not charged. The Trial Judge charged the jury that they could convict defendant of sodomy first or second degree, but not both, depending on their determination of the facts. The verdict, therefore, amounted to an acquittal of all other charges in the indictment (*People* v. *Migliori*, 271 App. Div. 798; *Guenther* v. *People*, 24 N. Y. 100). We all agree that the judgment of conviction must be reversed because defendant was convicted of a crime for which he was not indicted. However, there is a difference of opinion with respect to whether the indictment should be dismissed or whether defendant can be retried on the count of sodomy first. There are cases which indicate that a defendant, by appealing, waives his right not to be placed in jeopardy twice for the same crime because he brings the entire judgment before the reviewing court. Many of these cases, however, concern "included crimes" for which such reasoning follows logically. Some of the others seem not to have considered the question, e.g., *People* v. *Santoro* (229 N. Y. 277). In the present case, however, the elements of the crime charged are not the same (*People* v. *Dowling*, 84 N. Y. 478), and when the defendant was acquitted of sodomy first, which was the only charge of sodomy contained or included in the indictment, the indictment fell and he could not be retried under that indictment. In other words, he was acquitted of the only crime of sodomy of which he was charged. The indictment must be dismissed as it was in the *Burch* case (*supra*) and in *People* v. *Andrewski* (282 App. Div. 827).

HALPERN, J. (dissenting in part). I concur in the reversal of the judgment but I dissent from the dismissal of the second count of the indictment charging sodomy in the first degree. The crime of sodomy in the second degree was submitted to the jury as an included crime under that count, without exception. The jury found the defendant guilty of sodomy in the second degree under that count; that was the only disposition of the count made by the jury. Upon the reversal of the judgment of conviction entered upon the jury's verdict, the verdict is completely nullified as to that count of the indictment. That count now stands as if it had never been tried. "So thoroughly does a reversal operate to vitiate the former proceedings that the defendant * * * may be retried upon the original indictment even as to those higher degrees of crime of which he had been acquitted by the jury at the first trial" (*People* v. *Ercole*, 4 N Y 2d 617, 620, citing *People* v. *McGrath*, 202 N. Y. 445, *People* v. *Palmer*, 109 N. Y. 413; cf. *People* v. *Hooter*, 282 App. Div. 398).

I agree that sodomy in the second degree was not, in fact, an included crime under the indictment charging sodomy in the first degree and that a reversal is proper in the interests of justice, despite the defendant's failure to take exception to the charge (cf. *People* v. *Legacy*, 4 A D 2d 453). But the effect of the verdict and of the reversal thereof must be determined in the light of the manner in which the case was submitted to the jury, that is to say, it must be determined as if sodomy in the second degree were, in fact, an included crime.

Upon the reversal of the conviction, there is no longer any outstanding disposition of the second count of the indictment charging sodomy in the first degree. The People should be free to retry that charge upon a new trial, either separately or together with the crime of sodomy in the second degree,

if that crime is charged by a superseding indictment or by an additional indictment consolidated with the present indictment. There was ample evidence in the record to require the submission of the crime of sodomy in the first degree to the jury and it is to be presumed that that evidence will be reintroduced upon a new trial.

It is true that the defendant was once placed in jeopardy under the count charging him with sodomy in the first degree and, if he had allowed the judgment convicting him of sodomy in the second degree under that count to stand, he could not again be tried for sodomy in the first degree. But, having obtained an annulment of the conviction by virtue of his appeal, he cannot complain of being again placed in jeopardy upon a new trial on the original indictment (*People* v. *McGrath, supra*).

In the case of *People* v. *Burch* (281 App. Div. 348), the question of whether a new trial should be ordered or the indictment dismissed was not discussed in the briefs and no reason was given in the court's opinion for ordering a dismissal rather than a new trial. On the other hand, in *People* v. *Santoro* (229 N. Y. 277), the Court of Appeals ordered a new trial upon the original indictment under circumstances which are closely analogous to those in the present case. There the defendant had been indicted for manslaughter; the trial court had erroneously submitted to the jury the crime of assault in the first degree as an included crime and the defendant had been convicted of that crime. Upon appeal, the Court of Appeals reversed the conviction upon the ground that assault in the first degree was not included in the crime of manslaughter and ordered a new trial on the original indictment.

In *People* v. *Wheeler* (79 App. Div. 396), a decision in this Department, the question was fully considered by the court and it was decided that a new trial should be ordered in circumstances similar to those here presented, rather than a dismissal of the indictment. The court pointed out that the cases of *Guenther* v. *People* (24 N. Y. 100) and *People* v. *Dowling* (84 N. Y. 478) (which are cited in the majority memorandum) had been decided prior to the adoption of the Code of Criminal Procedure and the court continued at pages 401–402: " We believe the change wrought in the practice by the sections of the Code of Criminal Procedure is a salutary one. A defendant is accused of a grave crime and is convicted of a lesser offense, which finds no support in the evidence and lacks the constituent elements of the crime charged; he moves for a new trial, in effect saying to the court: ' I prefer a new trial on the indictment to submitting to this unjust verdict.' * * * It is neither reasonable nor logical upon granting his application to hold that the verdict is a nullity, but still retain in it sufficient vitality to acquit him of the offense of which he is accused in the indictment."

The *Wheeler* case was followed in *People* v. *Schiavi* (96 App. Div. 479, appeal dismissed 180 N. Y. 546). The court said at page 486: " The fact that a motion was made for a discharge of the defendant instead of for a new trial does not aid him on this appeal. The review of a judgment of conviction is by appeal (Code Crim. Pro., § 515) and the appellate court possesses ample authority to order a new trial if it so elects. * * * A mistrial has been had, an error has been committed, a verdict has been received contrary to law, and the action is in the same situation as if no trial at all had been had." (See, also, *People* v. *Caccamise,* 187 Misc. 705.)

A new trial should be ordered on the second count of the indictment, charging sodomy in the first degree.

All concur, except Halpern, J., who dissents in part in an opinion. Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

Judgment of conviction reversed on the law and facts and indictment dismissed.