THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LE ROY McGUINESS, Appellant.

Third Department, December 2, 1960.

*Joseph J. Martin* for appellant.

*John T. Casey, District Attorney (John E. S. Burke* of counsel), for respondent.

COON, J. The defendant was tried upon an indictment containing a single count charging him with the crime of sodomy in the first degree committed as follows: '' The said defendant, in the County of Rensselaer, on or about the 25th day of March, 1957, carnally knew one William Valentine, aged sixteen years, by or with the mouth against the will and without the consent of said William Valentine, said William Valentine being at the time incapable of offering resistance by reason of mental weakness and immaturity.'' At the trial the People adduced evidence sufficient to warrant submission to the jury of the question of defendant's guilt of the charge set forth in the indictment.

The Trial Judge instructed the jury on the law applicable to sodomy in the first degree, but he also read the statutory definition of sodomy in the second degree, and told the jury: '' Your verdict will be either guilty of sodomy in the first degree, as charged in the indictment, or you may also find the defendant guilty of Sodomy in the second degree, or not guilty.'' When defendant's counsel took exception to the charge that the defendant might be found guilty of sodomy in the second degree the Trial Judge noted the exception, and said: '' I charge the jury again, you may find this defendant guilty of Sodomy in the first degree or Sodomy in the second degree, or not guilty.'' When defendant's counsel again excepted the same charge was repeated again, and finally, in answer to a question by a juror, the same charge was repeated still again. Thus it was made very emphatic to the jury that on the trial of this indictment for sodomy in the first degree they could find the defendant guilty of sodomy in the second degree, although he was never indicted for such a charge and the indictment did not contain an essen-

tial element of sodomy in the second degree, to wit: that the defendant was over the age of 21 years.

The Trial Judge submitted the question of sodomy in the second degree upon the theory that it was an " included crime " or a " degree inferior " to the charge of sodomy in the first degree, and that therefore such submission was authorized under sections 444 and 445 of the Code of Criminal Procedure. Sodomy in the second degree was not an " included crime " and the defendant was convicted of a crime with which he was not charged. (*People* v. *Cipolla*, 7 A D 2d 698.) The *Cipolla* case presented the precise question that is presented here except that the defendant did not except to the submission of second degree sodomy. The Appellate Division was unanimous in its decision that the charge was improper. Mr. Justice HALPERN differed as to the dismissal of the indictment on the ground that no exception was taken to the charge. Upon appeal to the Court of Appeals (*People* v. *Cipolla*, 6 N Y 2d 922) that court unanimously upheld the reversal of the judgment of conviction but reversed insofar as the order of the Appellate Division dismissed the indictment, and ordered a new trial. This was because no exception was taken, and therefore no question of law was presented to the Appellate Division. In the case before us defendant's counsel vigorously took exception on more than one occasion.

In *People* v. *Burch* (281 App. Div. 348), the same situation was presented except that the indictment was for rape in the first degree and the verdict was guilty of rape in the second degree. The statutory language of the Penal Law for rape and sodomy is the same for all practical purposes. In the *Burch* case the court said (p. 349): " The jury found the defendant guilty of rape in the second degree, thereby acquitting him of the crime charged in the indictment." And further (p. 350): " In other words, the crime of rape in the first degree as charged in the indictment in this case, and that of rape in the second degree as defined by the statute are substantively and generically separate and distinct." (See, also, *People* v. *Andrewski*, 282 App. Div. 827.)

The People urge that inasmuch as there was some proof of the elements of sodomy in the second degree, i.e., that the defendant was over the age of 21 and the pathic was under the age of 18 at the time of the act, that the judgment may be sustained although the defendant was never indicted for sodomy in the second degree. We do not think this position can be sustained in a case where two crimes are separate and distinct. In the *Burch* case (*supra,* p. 349), the opinion notes that the People

adduced " evidence tending to establish that the prosecutrix at the time of the commission of the offense was under the age of eighteen years, and defendant over the age of twenty-one years " yet the judgment of conviction was reversed and the indictment dismissed. Moreover, in the instant case there was no direct proof that the pathic was under the age of 18. There was no attempt to prove his age. The only " proof " in the record is the casual observation of a psychiatrist who referred to the pathic as " this eighteen year old boy " while he was testifying on the question of mental deficiency.

It follows from the above-cited authorities that neither section 444 nor 445 of the Code of Criminal Procedure authorized the court under this indictment to submit the question of defendant's guilt of sodomy in the second degree to the jury.

The judgment should be reversed and the indictment dismissed.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Judgment of conviction reversed, on the law and the facts, and indictment dismissed.