J-S79027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
              v.              :
                              :
                              :
MELISSA ANN SCHOLL            :
                              :
          Appellant           :   No. 1886 MDA 2017

Appeal from the Judgment of Sentence November 20, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001775-2016

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:              **FILED FEBRUARY 28, 2019**

Appellant, Melissa Ann Scholl, appeals from the judgment of sentence entered on November 20, 2017.  We affirm.

The trial court ably summarized the underlying facts and procedural posture of this case:

> [O]n December 9, 2015, [Appellant] and her two children were found sitting in a parked car in a secluded location, with a hose running from the car's exhaust pipe into its passenger compartment.  Wilkes-Barre Township police were dispatched to the scene, [Appellant] was taken into custody, and a criminal information against [Appellant] was subsequently filed, charging her with two counts of attempted criminal homicide. . . .
>
> A jury trial commenced on June 13, 2017.  A mistrial was declared during jury deliberation, however, after it became clear to the [trial] court that the jury was unable to reach a unanimous verdict.  A second jury trial commenced on September 12, 2017.  Following deliberation, the jury found [Appellant] guilty of both counts of attempted criminal homicide.

A pre-sentence investigation (PSI) was ordered, and sentencing was scheduled for November 20, 2017.

At [Appellant's] sentencing hearing, the [trial] court heard statements from [Appellant], persons who spoke on her behalf, and counsel. Based on these statements, and the [trial] court's review of the PSI and a letter and a protection from abuse petition submitted on [Appellant's] behalf, the [trial] court sentenced [Appellant] on Counts 1 and 2 to consecutive terms of [60 to 180 months' imprisonment, followed by five years' probation], for an aggregate sentence of [ten to 30 years' imprisonment, followed by ten years' probation].

Trial Court Opinion, 7/18/18, at 1-2 (internal footnotes and some internal capitalization omitted).

Appellant filed a timely notice of appeal and now raises ten issues to this Court:

Is Appellant entitled to a new trial or in the alternative, dismissal of charges when, applying the applicable Pennsylvania law, the trial court abused its discretion and/or misapplied the law by:

a. Permitting into evidence, video interviews of minor Julian Scholl without proper notice that the Commonwealth intended to proceed under Rule 5985.1;

b. Permitting into evidence, a screenshot of alleged smartphone text messages obtained through a third party to be admitted and said text messages were not properly authenticated;

c. Permitting into evidence, text messages from Appellant's phone obtained through an illegal search and seizure and which were not properly authenticate[d];

d. Permitting the jury to take copies of all the alleged text messages into the jury deliberating room which infer a confession by Appellant;

e. Denying the jury copies of the elements of the crime after they requested the elements on two separate occasions and after the judge add[ed] inflammatory and incriminating words about Appellant's acts;

f. Failing to give jury instructions and definitions of "intent to kill" and "transferred intent" and their applicability in attempt criminal cases;

g. Denying Appellant's oral motion for dismissal of criminal charges for the alleged perjury by Detective Parker at Appellant's preliminary hearing, when relevant supporting evidence was discovered and Appellant requested her counsel to present it to the court;

h. Denying Appellant's[] November 14, 2016[] motion for dismissal of charges for lost/destroyed/missing evidence;

i. Denying Appellant's[] December 12, 2016[] motion for dismissal of charges for lost/destroyed/missing evidence;

j. Denying Appellant's[] April 21, 2017[] motion for dismissal of charges for violating the speedy trial rule 600?

Appellant's Brief at 12-13 (some internal capitalization omitted).

Appellant's brief is 145 pages long and exceeds 33,000 words. This is in flagrant violation of Pennsylvania Rule of Appellate Procedure 2135, which mandates that "[a] principal brief **shall not** exceed 14,000 words." Pa.R.A.P. 2135(a)(1) (emphasis added). Appellant has also violated our Rules of Appellate Procedure, in that: Appellant's brief does not contain "a certificate of compliance with the word count limit," as required by Rule 2135(a)(1) and (d), and Appellant has failed to attach the relevant trial court opinions to her brief, as required by Rule 2111(a)(10) and (b). We note that these errors and

violations are particularly egregious here because Appellant is not acting *pro se* – an attorney wrote and submitted this brief.

We have authority to dismiss Appellant's brief, pursuant to Pennsylvania Rule of Appellate Procedure 2101. This rule declares:

> Briefs . . . shall conform in all material respects with the requirements of the[ Rules of Appellate Procedure] as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

However, we will not dismiss Appellant's brief on this occasion, as the violations do not substantially impede our ability to conduct meaningful and effective appellate review. ***See***, ***e.g.***, ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived"). Nevertheless, we caution Appellant's counsel against violating our appellate rules in such manner in the future. ***See Commonwealth v. Spuck***, 86 A.3d 870 (Pa. Super. 2014) (quashing the appeal due to the appellant's "flagrant failure to file a brief that conforms to the Pennsylvania Rules of Appellate procedure"); ***Commonwealth v. Stoppie***, 486 A.2d 994 (Pa. Super. 1984) (same); ***see also Commonwealth v. Briggs***, 12 A.3d 291, 343 (Pa. 2011) (the Pennsylvania Supreme Court declared:  "[t]he briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather,

they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.  Thus, we reiterate that compliance with these rules by appellate advocates who have any business before our Court is mandatory").

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable David W. Lupas.  We conclude that Appellant is not entitled to relief in this case and that Judge Lupas' July 18, 2018 opinion meticulously and accurately disposes of Appellant's issues on appeal.  Therefore, we affirm on the basis of Judge Lupas' thorough opinion and adopt it as our own.  In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Lupas' July 18, 2018 opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/28/2019

- 5 -

11TH JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON
: PLEAS
: OF LUZERNE COUNTY
v. :
:
MELISSA ANN SCHOLL : CRIMINAL DIVISION
Defendant/ Appellant :
:
:
:
: NO. 1775 of 2016

## OPINION

### I.    FACTS AND PROCEDURAL HISTORY

This matter presently comes before the Court pursuant to the Defendant, Melissa Scholl's Appeal of her conviction and judgment of sentence for attempted criminal homicide.

The record reflects that on December 9, 2015, the Defendant and her two children were found sitting in a parked car in a secluded location, with a hose running from the car's exhaust pipe into its passenger compartment. Wilkes-Barre Township police were dispatched to the scene, the Defendant was taken into custody, and a criminal information against the Defendant was subsequently filed, charging her with two counts of attempted criminal homicide, 18 Pa.C.S.A. § 901(a); 18 Pa.C.S.A. § 2501(a).

A jury trial commenced on June 13, 2017. A mistrial was declared during jury deliberation, however, after it became clear to the Court that the jury was unable to reach a unanimous verdict. A second jury trial commenced on September 12, 2017. Following

1

deliberation, the jury found the Defendant guilty of both counts of attempted criminal homicide.[1] A Pre-Sentence Investigation (PSI) was ordered, and sentencing was scheduled for November 20, 2017.

At the Defendant's sentencing hearing, the Court heard statements from the Defendant, persons who spoke on her behalf, and counsel. Based on these statements, and the Court's review of the PSI and a letter and a protection from abuse petition submitted on the Defendant's behalf, the Court sentenced the Defendant on Counts 1 and 2 to consecutive terms of imprisonment of sixty (60) to one hundred eighty (180) months imprisonment, to be served in a state correctional institution, followed by consecutive periods of five (5) years probation, for an aggregate sentence of ten (10) to thirty (30) years imprisonment followed by a consecutive period of ten (10) years probation. N.T. 11/20/17 at 4-27, 28, 30-31. The Defendant filed the instant timely appeal of her judgment of sentence on December 5, 2017, and, simultaneous with this appeal, filed a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

## II. LAW AND DISCUSSION

The Defendant's Concise Statement of Errors raises eleven (11) allegations of error.[2] In the pursuit of brevity and clarity, we summarize and address the Defendant's issues as we understand them.

---

[1] Although the Defendant's second jury trial took place over several days, the trial transcript consists of a single volume, thus all citations to the jury trial transcript contained herein will be dated 9/12/17.
[2] The allegations of error are contained in paragraphs numbered 2 through 12 of the Rule 1925(b) Statement.

## A.    FIRST ALLEGTION OF ERROR.

The Defendant first alleges that the trial court erred by "permitting video interviews of [the Defendant's son] without proper Notice that the Commonwealth intended to proceed under 42 Pa. C.S.A. § 5985.1." Pa.R.A.P. 1925(b) Statement at 1. Pertinent to this allegation, Section 5985.1(b) requires that an adverse party must be notified "of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement." 42 Pa. C.S.A. § 5985.1(b).

Here, the Commonwealth filed notice of its intention to proceed pursuant to 42 Pa. C.S.A. § 5985.1, commonly known as the tender years exception to the hearsay rule, on June 8, 2017. Notice was served on the Defendant, and a hearing was held on June 12, 2017. At the conclusion of the hearing, the Court ruled the evidence admissible under the tender years exception. N.T. 6/12/17 at 7-8. The Defendant's Rule 1925(b) Statement concedes that notice pursuant to Section 5985.1 was property given prior to the Defendant's first trial, but it insists that the Court erred in permitting the evidence in question to be introduced during the Defendant's re-trial because the Commonwealth did not file a *second* notice. Rule 1925(b) Statement at 1.

Defendant's argument is waived because at trial, Defense counsel specifically indicated to the Court that the Defendant did not have an objection to the notice provided

3

by Commonwealth pursuant to Section 5985.1.[3]  Pursuant to Pennsylvania Rule of Evidence 103, it is clear that error may not be predicated upon a ruling that admits evidence unless "a timely objection, motion to strike or motion *in limine* appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context."  Pa.R.E. 103(a)(1).  Further, pursuant to Pennsylvania Rule of Appellate Procedure 302, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  See also Commonwealth v. Melendez-Rodriguez, 856 A.2d 1278, 1287-1289 (Pa. Super. 2004) (*en banc*) (Generally, an appellant who fails to make a specific timely objection waives the issue.).  Here, because Defense counsel specifically indicated prior to the Defendant's second trial that he did not object to the notice provided by the Commonwealth under Section 5985.1, this issue has been waived for purposes of appeal.

Even if the Honorable Superior Court should find this issue preserved, it is without merit.  The plain language of 5885.1(b) does not require a subsequent notice as

---

[3] A review of the certified record reveals that immediately prior to *voir dire* on September 12, 2017, the following exchange occurred between counsel and the Court:

> **Ms. Sperazza:**  Your Honor, just a brief housekeeping note.  As per the previous trial, I believe there's a stipulation to the authenticity of the CAC DVDs, and the Court has already made a ruling on the tender years motion.  It's my understanding there's been no new challenge to the tender years motion or the CAC DVDs.
> **Mr. Kansky:**  Under the law, is that enough notice?
> **Ms. Sperazza:**  It was granted notice before the Court gave defense counsel until the 30th to file any objection to it, and I have yet to receive any objection."
> **The Court:**  Okay.
> **Mr. Kansky:**  No objection.

N.T. 9/12/17 at 16-17.

4

Defendant contends. In *Commonwealth v. James*, 506 Pa. 526, 486 A.2d 376 (1985), the Pennsylvania Supreme Court reasoned that because a mistrial did not bar re-prosecution, the "status of the case is as though a trial had never occurred and places the matter in a pre-trial context." *James*, 506 Pa. at 531, 486 A.2d at 379.[4] The Pennsylvania Supreme Court has since consistently held that a trial court's rulings relating to legal questions determinative of the "law of the case" are not subject to relitigation and should not be reopened. *Commonwealth v. Mulholland*, 549 Pa. 634, 652; 702 A.2d 1027, 1036 (1997) (*citing Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326 (1995). As such, even if preserved, the Defendant cannot show that this Court erred in admitting the evidence in question, and she is not entitled to appellate relief on this issue.

---

[4] In so concluding, the Supreme Court cited numerous examples of persuasive authority on this issue. *James*, 506 Pa. at 531, fn. 4, 486 A.3d at 379, fn.4 (*citing Harnage v. State*, 290 Ala. 142, 274 So.2d 352 (1972); *State v. Neil*, 102 Ariz. 110, 425 P.2d 842 (1967); *Tipps v. Mullis*, 257 Ark. 622, 519 S.W.2d 67 (1975); *People v. Richard*, 85 Cal.App.3d 292 (1978); *In re: Alpine*, 203 Cal. 731, 265 P. 947 (1928); *Estate of Bartholomae*, 261 Cal.App.2d 839, 68 Cal.Rptr. 332 (1968); *People v. Jamerson*, 196 Colo. 63, 580 P.2d 805 (1978); *Jamison v. U.S.*, 373 A.2d 594 (D.C.App.) (1977); *Hess v. State*, 146 Ga. App. 874, 247 S.E.2d 546 (1978); *Baird v. Chicago*, 61 Iowa 359, 16 N.W. 207 (1883); *State v. Talmage*, 104 Idaho 249, 658 P.2d 920 (1983); *Papageorgiou v. G.W. Woolworth Co.*, 66 Ill.App.3d 873, 23 Ill. Dec. 319, 383 N.E.2d 1346 (1978); *Hendrix v. Garret*, 203 Kan. 140, 453 P.2d 486 (1969); *Maine v. Commeau*, 438 A.2d 454 (Me.1981); *Powers v. State*, 285 Md. 269, 401 A.2d 1031 (1979); *People v. Hamm*, 100 Mich.App. 429, 298 N.W.2d 896 (1980); *Storey v. Weinberg*, 226 Minn. 48, 31 N.W.2d 912 (1948); *Ad-Art v. Denison*, 94 Nev. 73, 574 P.2d 1016 (1978); *State v. Hale*, 127 N.J. Superior Ct. 407, 317 A.2d 731 (1974); *Templin v. Mountain Bell Telephone Co.*, 97 N.M. 699, 643 P.2d 263 (App.1982); *People v. Cipolla*, 7 A.D.2d 698, 179 N.Y.S.2d 459 (1958); *State v. Cutshall*, 278 N.C. 334, 180 S.E.2d 745 (1971); *State v. Young*, 212 N.W. 857, 55 N.D. 194 (1927); *Pickle v. Bliss*, 418 P.2d 69 (Oklahoma) (1966); *State v. Mills*, 281 S.C. 60, 314 S.E.2d 324 (1984); *Coronado Oil Company v. Grieves*, 642 P.2d 423 (Wyo.1982)).

## B. SECOND ALLEGATION OF ERROR

The Defendant secondly alleges that this Court erred in permitting "a screenshot of alleged smartphone text messages obtained through a third party to be admitted." Pa.R.A.P. 1925(b) Statement at 2. In addressing this claim, we initially note that the Rule 1925(b) Statement does not specifically identify the "screenshot" in question by reference to its exhibit number or by citation to the location in the certified record where it was admitted. Further, the Rule 1925(b) Statement does not cite to the location in the certified record where the Defendant objected to the admission of this screenshot. We are thus left to determine for ourselves which pieces of evidence the Defendant is referencing, and when the objection to this evidence was made.

To do so, we have examined the five hundred thirty-nine (539) page trial transcript, in conjunction with the Rule 1925(b) Statement's indication that "Defendant's mother [Angela Stanton] was shown a series of text messages that was to represent the text messages on her phone," and its indication that Mrs. Stanton made statements with regard to these messages. *Id.* As with its uncited reference to the "screenshot," the Rule 1925(b) Statement does not provide citation to the record where the "series of text messages" were shown to the witness or where the witness testified to the messages. *Id.* We believe, however, that this allegation of error must pertain to Commonwealth Exhibits #44 and #45, as our review of the record shows that those are the only exhibits that can be viewed as pertaining to the Defendant's references to "a screenshot of alleged smartphone text messages obtained through a third party," and "text messages on [Angela Stanton's] phone." N.T. 9/12/17 at 251-252. As such, we construe the

6

Defendant's allegation of error to be that this Court erred in admitting Commonwealth Exhibits #44 and #45 into evidence.

In purported support of the allegation that the Court erred in admitting this evidence, the 1925(b) Statement nonsensically asserts that "Pennsylvania Rules of Evidence provides [sic] that evidence must introduce sufficient evidence that the matter is what it purports to be. Rule 1925(b) Statement at 2 (citing "*In the Interest of F.P., a Minor, supra* and *Commonwealth v. Cruttendon*, 976 A.2d 1176, 1181 (Pa. Super 2009)"). *Id.*[5] The Rule 1925(b) further states: "[i]n *Commonwealth v. Koch*, No. 1669 MDA, 2011 Pa. Super. Lexis 2716 (Sept. 16, 2011), the unauthenticated texts were inadmissible as they were merely hearsay evidence." *Id.* Although the statement does not relate the finding in *Koch* to the matter at hand, its citation to *Koch* suggests that the Defendant wishes to assert to the Superior Court that this Court erred in admitting Commonwealth Exhibits #44 and #45 without proper authentication.

With regard to Exhibit #44, this allegation of error is without merit. A review of the trial transcript reveals that the Commonwealth sought to admit Exhibits #44 and #45 (which the Commonwealth indicated were depictions of the text messages between the

---

[5] Although the Rule 1925(b) Statement references the "Pennsylvania Rules of Evidence," it does not cite to a particular Rule of Evidence. Rule 1925(b) Statement at 2. Additionally, although the statement provides the case name "*In the Interest of F.P., a Minor*," it does not provide a case citation, and no such citation appears anywhere in the Rule 1925(b) Statement. Finally, with regard to the Defendant's citation to *Cruttendon*, which involves violations of the Pennsylvania Wiretapping and Electronic Surveillance Act, 18 Pa.C.S.A. § 5701, *et seq.*, our review of the specific page cited by the Defendant reveals that it contains no reference to any Rule of Evidence, or in any way supports the Defendant's assertion that the Rules of Evidence provide that "evidence must introduce sufficient evidence that the matter is what it purports to be."

7

parties in "thread" form, the way they would appear on a smart phone), but Defense counsel objected based on lack of foundation, and the objection was sustained, thus Exhibits #44 and #45 were not admitted at that time. N.T. 9/12/17 at 251-253. The gist of the contents of these exhibits was later testified to by Angela Stanton herself, however, who identified a text thread containing the text messages she and the Defendant sent to each other prior to the incident leading to the Defendant's arrest. N.T. 9/12/17 at 462-464. Defense Counsel eventually objected to this line of questioning (after the witness had already identified a series of the texts between herself and the Defendant), but the Commonwealth pointed out that the witness had acknowledged that the messages were hers and the objection was overruled. _Id_. at 462-464.

As the record clearly reflects that Exhibit #44 was not admitted into evidence, this Court cannot be found to have erred as the Defendant alleges. _Commonwealth v. Roles_, 116 A.3d 122, 130 (Pa. Super. 2015). With regard to Exhibit #45, the Commonwealth later sought to introduce it into evidence after both parties had rested, to which Defense counsel indicated that he had "no objection." _Id_. at 470. Because the Defendant did not object to the admission of Exhibit #45, there is no basis for the Defendant to assert that this Court erred in admitting it. _Commonwealth v. Bomar_, 629 Pa. 136, 182, 104 A.3d 1179, 1207 (2014); _Commonwealth v. Robinson_, 543 Pa. 190, 201, 670 A.2d 616, 621 (1995); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[6]

---

[6] If we are incorrect in our assumption that the Defendant is asserting error with regard to Exhibits #44 and #45, and she is instead asserting that this Court erred in admitting Exhibits #32, #33, #36, #37, #38, #39, #40, #41 and/or #42 (which are photographic

8

## C. THIRD ALLEGATION OF ERROR

The Defendant's third allegation of error asserts that this Court erred in "permitting text messages from Defendant's phone obtained through an illegal search and seizure," and argues that although the Defendant's phone was seized pursuant to a December 2015 search warrant, an *additional* search warrant was necessary prior to a manual examination of the phone performed by Officer Daniel Lewis in June 2017. Rule 1925(b) Statement at 2-3. The Rule 1925(b) Statement indicates that the Defendant made an "oral motion *in limine*" objecting to "the said evidence prior to the evidence being offered at trial," and suggests that "in the interest of justice, this Court" should have considered this said oral motion *in limine*." *Id.* at 3.

In addressing this allegation of error, we initially note that the Defendant's Rule 1925(b) Statement does not specifically identify the text messages in question by reference to their exhibit number or by citation to the location in the certified record where they were admitted. Further, the Rule 1925(b) Statement asserts that the Defendant "objected to the said evidence" via an "oral motion *in limine*," but it does not provide citation to the location in the certified record where this motion was made. We are thus

---

images obtained during the manual examination of the Defendant's own flip-style cell phone. See N.T. 9/12/17 at 244-250), such an allegation has been waived for purposes of appeal by Defense Counsel's failure to object at trial. A review of the record clearly reveals that Defense Counsel specifically indicated that he had "no objection" to the admission of Exhibits #32, #36, #37, #38, #39, #40, #41 and #42. N.T. 9/12/17 at 242, 244, 247-249. With regard to Exhibit #33, Defense counsel did not object or otherwise respond to the Commonwealth's request for admission. *Id.* at 245. As such, the Defendant has waived errors in admission of these exhibits by failing to object to their admission during trial. *Bomar, supra*; *Robinson, supra*; Pa.R.A.P. 302(a).

again left to determine for ourselves which pieces of evidence the Defendant is referencing, and when an objection to this evidence was made.

From our review of the trial transcript, we believe this allegation of error pertains to Exhibits #32, #33, #36, #37, #38, #39, #40, #41 and/or #42, as these exhibits consist of photographic images of the text messages obtained from the manual examination of the Defendant's phone. N.T. 9/12/17 at 243-247. Additionally, the record shows that on the third day of the Defendant's second jury trial Defense counsel "object[ed] to the admission of any text messages extracted and photographed by [Officer] Dan Lewis in June of [2017]." Id. at 233.[7] We thus construe the Defendant's third allegation of error to be that this Court erred in denying her mid-trial request to suppress Commonwealth's Exhibits #32, #33, #36, #37, #38, #39, #40, #41 and #42. A review of the record and pertinent case law suggest that this allegation of error is without merit, and that the Defendant is not entitled to appellate relief on this ground.

_____

[7] In response to the Defendant's objection, the Commonwealth pointed out to the Court that Defense counsel had been aware of the manual examination of the Defendant's phone for months, thus the Defendant's objection was essentially an untimely motion to suppress. N.T. 9/12/17 at 233. The Commonwealth further asserted that even if the suppression request was timely, the Defendant was not entitled to suppression of the text messages because the phone was obtained pursuant to a valid search warrant and had been in the Commonwealth's possession since that time, obviating the need for an additional search warrant. Id. at 233-234. Lastly, the Commonwealth opined that even if there had been a violation, the remedy would not be suppression of the evidence. Id. at 234.

In response, Defense counsel acknowledged that as far back as December 2015, a discovery report indicated that a manual examination of the phone would be necessary, and Defense counsel further acknowledged that the Defendant had been provided with the resulting text messages in June of 2017. Id. Defense counsel did not dispute that his objection should be considered a suppression request, nor did counsel provide any explanation for the delay in making that request. Id. As such, this Court denied the Defendant's untimely request to suppress the text messages. Id. at 235.

10

As the Commonwealth suggests, the Defendant's objection to the evidence was properly considered a motion to suppress. See *Commonwealth v. Marconi*, 996 A.2d 1070, 1071 (Pa. Super. 2010), aff'd, 619 Pa. 401, 64 A.3d 1036 (2013).[8] Further, as the Commonwealth pointed out, the motion was not timely made. "Under Pennsylvania Rule of Criminal Procedure 578, unless otherwise required in the interests of justice, all pretrial requests, including a request for suppression of evidence, must be included in one omnibus pretrial motion." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1248 (Pa. Super. 2011) (citing Pa.R.Crim.P. 578, Comment). Such omnibus pre-trial motions must be filed within thirty (30) days of arraignment. Pa.R.Crim.P. 579(A). Here, the Defendant did not file a timely omnibus pre-trial motion requesting the suppression of the exhibits in question on the grounds currently asserted. Further, although the Rules of Criminal Procedure provide four exceptions to the Omnibus Pretrial Motion filing deadline, as discussed below, the Defendant has not argued, much less proven, that any of those exceptions apply to her.

Pursuant to Rule 579, a motion must be "filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown." Pa.R.Crim.P. 579(A). Rule 581 provides an exception to the thirty (30) day period "where

---

[8] Although the Defendant's Rule 1925(b) Statement now characterizes her objection as an "oral motion *in limine*," it was not so characterized at the time it was made, and, as noted above, Defense counsel did not dispute the Commonwealth's position at trial that the objection constituted a suppression request. N.T. 9/12/17 at 233.

11

the interests of justice otherwise require." Pa.R.Crim.P. 581(B). Whether the opportunity did not previously "exist" or the "interests of justice" otherwise require is a matter for the discretion of the trial judge. *Commonwealth v. Sodomsky*, 137 A.3d 620, 626 (Pa. Super. 2016), appeal denied 638 Pa. 753, 158 A.3d 1236 (2016), cert. denied, 137 S.Ct. 1205, 197 L.Ed.2d 247 (2017); *Marconi*, 996 A.2d at 1072.

With regard to the applicability of the first and second exceptions (pertaining to the opportunity to make the motion and the awareness of the defendant/defense counsel of the grounds for the motion), by Defense counsel's own admission he was aware of the date of the issuance of the search warrant and the date of the manual examination of the Defendant's phone at least as early as June 2017, if not earlier. N.T. 9/13/17 at 233-234. As such, the Defendant could have challenged the evidence obtained through the manual examination of the phone on these grounds well before September 14, 2017, when the jury had been empaneled and the Defendant's trial had reached its third day. As the Superior Court has stated in similar situations, "[t]his is not a case where there was no opportunity to learn the facts which might possibly have formed the basis of a suppression request. Instead, it is a simple case of counsel's failure to act, for whatever reason." *Commonwealth v. Duncan*, 390 A.2d 820, 823 (Pa. Super. 1978) (finding nothing to indicate that defendant lacked the opportunity to learn facts necessary to file a timely pre-trial suppression motion, and concluding that simple failure to apprise oneself of such facts does not entitle one to relief from the time requirements of the Rules of Criminal Procedure). As such, the first and second exceptions do not apply here to excuse Defendant's failure to comply with the applicable time requirements. See *Borovichka*, 18 A.3d at 1248 (A suppression claim raised for the first time in a motion *in limine*,

12

unaccompanied by an explanation for its untimeliness, does not fall under any of Rule 579(A)'s filing exceptions and should be deemed waived).

With regard to the third exception, pertaining to a court-ordered extension of time for cause shown, this exception is inapplicable here because no request was made to extend the time for filing.

With regard to the fourth exception, pertaining to the interests of justice, Defense counsel wholly failed to articulate, and this Court did not find, any circumstance with regard to this allegation that would render it in the interest of justice to excuse the Defendant's failure to make the suppression request prior to the third day of her second jury trial.

Because the Defendant failed to file a timely motion to suppress the evidence in question, and because she has not shown that any of the exceptions to the applicable time requirements apply, she has waived the issue of suppression and it was well within this Court's discretion to refuse her relief on this issue. Pa.R.Crim.P. 581(B) ("[i]f timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived."). See also *Commonwealth v. Baumhammers*, 960 A.2d 59, 76–77 (Pa. 2008) (indicating that the Court has consistently affirmed the principle that a defendant waives the ground of suppressibility as a basis for opposition to the Commonwealth's introduction of evidence when he or she fails to file a suppression motion pursuant to our rules of criminal procedure.").

Even if the Defendant had made a timely suppression request, however, there is no merit to her assertion that a second warrant was necessary prior to the manual examination of her phone. As the record clearly reflects, and as the Defendant does not

13

dispute, her cell phone was seized pursuant to a validly issued search warrant. Following the execution of that warrant, Officer Daniel Lewis of the Plains Township Police Department was tasked with examining the phone. N.T. 9/12/17 at 237. Officer Lewis testified that in the case of a flip phone like the Defendant's, a forensic extraction is initially conducted, and, if that process does not yield the information sought, a manual examination is then conducted. *Id.* at 240. In this case, the forensic extraction was conducted in December 2015, resulting in the recommendation that a manual extraction would be necessary. *Id.* at 260, 271. The manual examination was eventually conducted in June 2017. *Id.* at 260. It is uncontested that the Defendant's cell phone was in the Commonwealth's custody at all times from the time it was seized pursuant to the valid search warrant to the time it was manually examined. Further, Officer Lewis confirmed that the text messages discovered as the result of the manual examination in June 2017 were the same as those that would have been discovered had the examination occurred in December 2015. *Id.* at 272-273.

Under these circumstances, it was not necessary for the Commonwealth to secure a second search warrant prior to conducting the manual examination of the phone. See *Commonwealth v. McEnany*, 667 A.2d 1143, 1149 (Pa. Super. 1995) (citing *Commonwealth v. Copenhefer*, 526 Pa. 555, 587 A.2d 1353, 1356 (1991) abrogated on other grounds by *Commonwealth v. Rizzuto*, 566 Pa. 40, 777 A.2d 1069 (2001).[9] Thus,

---

[9] In *McEnany, supra*, the Superior Court found that no additional warrant was necessary to search the memory chip of a validly seized cellular telephone. In *Copenhefer, supra*, the Pennsylvania Supreme Court held that a warrant authorizing the seizure of a personal computer authorizes reproduction of the documents stored within without the necessity of a second warrant.

14

even if raised in a timely suppression motion, the Defendant would not be entitled to relief on a claim that the lack of a second warrant required suppression of the evidence in question.

## D.    FOURTH ALLEGATION OF ERROR

The Defendant's fourth allegation of error asserts that this Court erred in admitting "text messages with no time stamp." Rule 1925(b) statement at 3.  As with the prior allegations of error, this allegation does not specifically identify which text messages it pertains to by use of their exhibit number or by citation to the location in the certified record where they were admitted.  We are thus left to assume the Defendant challenges all of the text messages involved here.  Of greater significance than the failure to specifically identify the text messages, however, is the Rule 1925(b) Statement's failure to cite to the location in the record where the Defendant objected to the admission of the text messages on the ground that they lacked a timestamp.  Our independent review of the record confirms that no such objection was made, and the Defendant has thus waived this allegation of error for purposes of appeal. _Bomar, supra_; _Robinson, supra_; Pa.R.A.P. 302 (a).[10]

Even if this allegation had been preserved for review, it is without merit.  The Defendant suggests that the text messages were introduced without confirmation of the time frame in which they were sent, or "even who sent the text messages." Rule 1925(b)

---

[10] Additionally as we noted above, the record clearly shows that Defense Counsel specifically indicated that he had "no objection" to the admission of Exhibits #32, #36, #37, #38, #39, #40, #41, #42, and #45, and that he did not object or otherwise respond to the Commonwealth's request to admit Exhibit #33. N.T. 9/12/17 at 242, 244, 247-249, 470.

Statement at 3 (citing *Commonwealth v. Koch*, 1669 MDA 2010 (Pa Super. 2011); *Commonwealth v. Sherlock*, 2069 MDA 2013 (Pa. Super 2014).[11] Contrary to this claim, however, the record confirms that the Commonwealth introduced detailed and specific testimony from Officer Daniel Lewis that the text messages in question were sent between the Defendant's phone and a contact labeled "mom" on the night of December 9, 2015. N.T. 9/12/17 at 237, 243-250. Further, Angela Stanton, the Defendant's mother, specifically identified the text messages as being those exchanged between herself and the Defendant during the time period in question. *Id.* at 449, 462-464. As such, even if preserved, this allegation of error is without merit and entitles the Defendant to no relief.

## E. FIFTH ALLEGATION OF ERROR

The Defendant next asserts that this Court erred in allowing the jury to take copies of "the alleged texts" into the "jury deliberating room." Rule 1925(b) Statement at 3. As with its prior allegations of error, the Rule 1925(b) Statement fails to cite to specific exhibit numbers and fails to cite to the location in the certified record where the Court permitted the jury to take such written material into the deliberation room. We note, however, that the statement cites Pennsylvania Rule of Criminal Procedure 646(C)(2) to support the allegation that jurors are strictly prohibited from "possessing any written or otherwise

---

[11] Because *Koch* and *Sherlock* are unpublished memoranda of the Superior Court, it is improper for the Defendant to cite to or rely upon them. *See* I.O.P. Rule 65.37(A) of the Superior Court of Pennsylvania ("An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding.").

16

recorded confession by the defendant." Id. Further, the statement complains that the jurors were permitted to take copies of the texts indicating that the Defendant "wanted to kill herself" and that she "couldn't do it alone anymore." *Id.* We thus believe that this allegation of error pertains to Commonwealth Exhibits #32 and #33, as those are the exhibits pertaining to the text messages "Going to kill myself" and "I can't do it alone no more," sent from the Defendant's cell phone to the contact "mom." N.T. 9/13/17 at 245, 246. Therefore, we construe this allegation or error to be that this Court violated Rule 646(C)(2) when it permitted the jury to take Commonwealth Exhibits #32 and #33 into the deliberation room.

As with each of its previous allegations, the Defendant's Rule 1925(b) Statement fails to point to the location in the record where the Defendant objected to the Court allowing the jury to take these exhibits into the deliberation room on the ground that doing so would violate Rule 646. Our examination of the record confirms that the Defendant did not object to the jury taking these exhibits into the deliberation room on this (or any other) ground, she has waived this allegation of error for purposes of appeal. *Bomar*, *supra*; *Robinson*, *supra*; Pa.R.A.P. 302(a).

Even if preserved, however, there is no merit to the allegation that allowing the jury to have these exhibits during deliberation violated Rule 646(C)(2). That Rule specifies that during deliberations, the jury shall not be permitted to have "a copy of any written or otherwise recorded confession by the defendant." Pa.R.Crim.P. 646(C)(2).[12] Here, by

---

12. Black's Law Dictionary defines confession as follows:
    *Confession*, n. A criminal suspect's oral or written acknowledgment of guilt, often including details about the crime. Cf. admission; statement.

17

the Defendant's own admission, see Rule 1925(b) Statement at 3, the texts in question are not "confessions," as they are not an acknowledgement of, or even pertaining to, the Defendant's guilt with regard to the attempted murder of her children, the crime for which she was charged. Because they are not confessions for purposes of Rule 646(C)(2), it was within this Court's discretion to allow them into the deliberation room. Pa.R.Crim.P. 646 (A) ("Upon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (C)."); _Commonwealth v. Parker_, 104 A.3d 17, 27 (Pa. Super. 2014) (_citing Commonwealth v. Barnett_, 50 A.3d 176, 194 (Pa. Super. 2012), _appeal denied_, 619 Pa. 684, 63 A.3d 772 (2013) ("[C]ourts [in this Commonwealth] have rarely found that materials given to juries during deliberations constitute reversible error."). As such, the Defendant cannot show a violation of Rule 646(C)(2), and it was not reversible error for the Court to allow the jury to view Exhibits #32 and #33 while deliberating.

### F.    SIXTH ALLEGATION OF ERROR

The Defendant's sixth allegation of error also raises a Rule 646 claim, asserting that this Court erred in not allowing the jury to have copies of the elements of the crime

---

"A confession is an acknowledgment in express words, by the accused in a criminal case, of the truth of the main fact charged or of some essential part of it." John H. Wigmore, Evidence in Trials at Common Law § 821, at 308 (James H. Chadbourn ed., 4th rev. ed. 1970).
    "The distinction between admissions in criminal cases and confessions by the accused is the distinction in effect between admissions of fact from which the guilt of the accused may be inferred by the jury and the express admission of guilt itself." William P. Richardson, The Law of Evidence § 394, at 268 (3d ed. 1928).
Black's Law Dictionary (10th ed. 2014).

18

charged. Rule 1925(b) Statement at 4. Again, the Rule 1925 Statement does not specifically identify the location in the certified record where this information was requested by the jury, where the Court addressed the request, or where the Court's determination was challenged by the Defendant. Based on our own review of the record, however, we have confirmed that the jury requested copies of the elements of the crime after deliberating for approximately two hours. N.T. 9/12/17 at 529. In response, the Court indicated to the parties that it intended to reread the instructions pertaining to the elements of the crime and to provide some examples of the facts that were alleged by the Commonwealth. *Id.* Defense counsel did not object to this resolution of the jury's request, and thus the Defendant has waived her right to appellate relief on the claim. *Bomar, supra; Robinson, supra;* Pa.R.A.P. 302(a).

Even if preserved, this allegation would not entitle the Defendant to relief. As the Defendant herself acknowledges, see Rule 1925(b) Statement at 4, under Rule 646, the trial judge *may* permit the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses upon which the jury has been instructed. Pa.R.Crim.P. 646(B). Here, it was well within this Court's discretion to decline to provide a copy of the charge on the elements, and to instead reread the charge to the jury.[13]

_____

[13] The Rule 1925(b) Statement also indicates that "the Court read the instructions and added words such as "strapping the children in the backseat," "driving to a secluded lot," and "packing a green garden hose." Rule 1925(b) Statement at 4 (no citation to transcript provided). A review of the transcript reveals that the Court did not include the above quoted words or phrases in rereading the elements of the crime charged. The Court did, however, use as examples of the acts alleged by the Commonwealth "putting the children in the car," "driving to the Williams bus lot," and "putting a hose in the tailpipe of the

19

## G.    SEVENTH ALLEGATION OF ERROR

The Defendant's seventh allegation of error asserts that the Court erred in failing to give "a jury instruction and definition of 'Intent to Kill' and failed to give jury instruction and definition of transferred intent and its' applicability in attempt cases." Rule 1925(b) Statement at 4. Yet again, the Rule 1925(b) Statement does not provide the location in the certified record where the Defendant requested these specific jury instructions, or objected to the jury instructions as given, and our own review of the record shows that no such objection was made. At the conclusion of testimony, the Court explained to the parties that it intended to give the same jury instructions used during the Defendant's first trial, and it requested the parties to provide any additional jury instructions that would differ from those previously given. N.T. 9/12/17 at 470. The Commonwealth specifically stated that it did not object to the instructions as previously given. *Id.* at 471. Defense counsel did not voice an objection to the use of the previously given instructions, and did not provide the Court with any additional proposed instructions. *Id.* at 470-471.[14] As the result of the Defendant's failure to cite to the place in the certified record where the

---

vehicle." N.T. 9/12/17 at 531 as is contemplated by and set forth in Pennsylvania Suggested Standard Criminal Jury Instruction 12.901 A.1 for Attempted Murder where it states "... that the defendant did a certain act, that is, [he] [she] [describe act]; ..." Regardless, the Defendant did not object at trial to the use of these examples, and the Defendant's Rule 1925(b) Statement does not assert that it was error for the Court to employ them, thus they are not at issue for purposes of the current appeal.

[14] As the record confirms, the Court instructed the jury with regard to attempted murder in accordance with the current edition of the Pennsylvania Suggested Standard Criminal Jury Instructions. N.T. 9/12/17 at 518. The jury charge given included the instruction that in order to find the Defendant guilty of attempted murder, the jury must find, among other things, that the Defendant "had the specific intent to kill [her children]. That is, she had a fully formed intent to kill, and was conscious of her own intention." *Id.*

20

referenced instructions were requested, coupled with our confirmation that no such request was made, the Defendant has waived the right to object to the instructions as given, or the Court's failure to give the specific instructions now referenced. See Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."); _Commonwealth v. Walter_, 632 Pa. 174, 233, 119 A.3d 255, 290 (2015) (finding that appellant who failed to request a particular instruction at trial, and made no objection to the charge actually given, waived challenge to failure to give particular instruction) (_citing_ Pa.R.A.P. 302; Pa.R.Crim.P. 647(B); _Commonwealth v. Pressley_, 584 Pa. 624, 887 A.2d 220, 223–225 (2005)).[15]

## H.    EIGHTH ALLEGATION OF ERROR

The Defendant next asserts that the trial court erred when it denied "the Defendant's Oral Motion for Dismissal of Charges For Alleged Perjury By Detective Parker, at Defendant's Preliminary Hearing." Rule 1925(b) Statement at 4. As with all prior allegations, the Rule 1925(b) Statement does not provide citation to the certified record with regard to this claim of error. Reviewing the jury trial transcript, we are able to

---

[15] Even if preserved, this allegation of error is without merit. As noted above, the record clearly reflects that the Court properly instructed the jury as to the required intent. Additionally, the Defendant's citation to _Commonwealth v. Griffith_, 456 A.2d 171 (Pa. Super 1983) is unavailing. Rule 1925(b) Statement at 4. _Griffin_, which involved the specific allegation that the lower court erred in instructing the jury that they could find the defendant guilty of attempted murder _if they found that he attempted to commit murder of the second or third degree_, is factually distinguishable from the instant case, which did not involve such an instruction. _Griffin_, 456 A.2d at 176 (emphasis added). Further, with regard to an instruction on transferred intent, the Rule 1925(b) Statement wholly fails to address that doctrine, and fails to explain how the doctrine applies to this matter.

21

confirm that on September 12, 2017, after the jury was sworn and instructed and the day's luncheon recess was completed, Defense counsel made an oral motion to dismiss all charges against the Defendant on the grounds that Detective Deborah Parker perjured herself at the Defendant's May 12, 2016 preliminary hearing before Magisterial District Judge Dotzel. N.T. 9/12/17 at 17. The Commonwealth objected to the motion, asserting that the allegation should have been raised in a *habeas* hearing long before the start of the Defendant's second jury trial. *Id.* at 18. Following Defense counsel's detailed explanation of the basis for the motion, the Commonwealth responded that Defense counsel had grossly misunderstood the testimony offered at the preliminary hearing and had totally misconstrued and misunderstood the discovery materials sent to the Defendant. *Id.* at 23-26, 27. In denying the Defendant's motion to dismiss, this Court noted that the Defendant had ample opportunity to file a timely written motion raising such an allegation, but failed to do so. *Id.* at 19-20.[16]

Examining the Defendant's current claim that the Court erred in denying her Motion to Dismiss, we opine that this allegation of error provides no relief on appeal. Initially, it is clear to the Court that the Defendant's motion (made long after the alleged perjury occurred, after the Defendant's first trial, and after the time for pre-trial motions in the second trial had passed) was properly denied. Further, as observed by the

---

[16] We note with displeasure that the Rule 1925(b) Statement incorrectly states that this court denied the motion because the Court "'never had not heard' of such a thing." Rule 1925(b) Statement at 4 (no citation to the certified record provided for the quotation attributed to the Court). This Court goes to great lengths to ensure that it does not misquote counsel or the parties to any proceeding, and it expects the same consideration from counsel.

22

Commonwealth in its response to the Defendant's Rule 1925(b) Statement, errors at a preliminary hearing are cured if the defendant is found guilty at trial. Commonwealth's Answer to Defendant's Rule 1925(b) Statement at 7 (citing *Commonwealth v. Sanchez*, 623 Pa. 253, 82 A. 3d 943 (2013); *Commonwealth v. Tyler*, 587 A.2d 326 (Pa. Super. 1991)). As explained by the Superior Court in *Commonwealth v. Fewell*:

> Appellant's allegation of error at the preliminary hearing is moot. In *Commonwealth v. Tyler*, 402 Pa. Super. 429, 587 A.2d 326 (1991), this Court held that "[o]nce appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial[.]" *Id*. 587 A.2d at 328. In *Tyler*, the appellant appealed from a judgment of sentence entered after a jury convicted him of possession and delivery of a controlled substance. The appellant claimed that the Commonwealth established its prima facie case at the preliminary hearing by the hearsay testimony of a confidential police informant, thus violating his constitutional right to confront his accuser. This Court rejected the appellant's claim and held that "[s]ince the Commonwealth met its burden of proving appellant guilty beyond a reasonable doubt at trial, even if the Commonwealth had failed to establish a prima facie case at the preliminary hearing, it is immaterial." *Id*. (citations omitted).

*Commonwealth v. Fewell*, 654 A.2d 1109, 1112 (Pa. Super. 1995). Thus, even if the Defendant had raised the alleged perjury in a timely fashion, that issue has been rendered immaterial because she has since been found guilty following a jury trial. As such, she is not entitled to appellate relief on this allegation.

## I. NINTH AND TENTH ALLEGATIONS OF ERROR

The Defendant's next two allegations of error relate to this Court's denial of the Defendant's motions to dismiss based on allegations that the Commonwealth lost, destroyed and/or tampered with evidence material to this case.

Specifically, the Defendant's ninth allegation of error claims that this Court erred in denying a "Motion for Dismissal of Charges for Exculpatory Lost/Destroyed/Missing

23

Evidence," filed "when her car (material evidence) was destroyed and two (2) green garden hoses were tampered with and manipulated while they were in the possession of the Commonwealth." Rule 1925(b) Statement at 5.[17] The Defendant's tenth allegation of error assails the denial of a "Motion for Dismissal of Charges for Lost/Destroyed/Missing Evidence" filed "when a packed suitcase and pillows (material evidence) was destroyed while it [sic] was in the possession of the Commonwealth." *Id.*

Although the Rule 1925(b) Statement does not cite to the location in the certified record where these motions were made and addressed by the Court, our review of the record confirms that on November 14, 2016, the Defendant filed a motion titled "Defendant's Motion to Dismiss All Criminal Charges Because Material Evidence is Missing Tampered With, Or Not Preserved," which raised allegations pertaining to the Defendant's car and two green garden hoses. Motion filed 11/14/16. The Commonwealth filed an answer to the motion, and the issue was addressed at a hearing. Following the hearing, the parties were permitted to file additional briefs, which they did on November 28, 2016. Before the Court decided the Defendant's motion to dismiss, however, the Defendant filed an additional motion on December 11, 2016, titled "Defendant's Second Motion To Dismiss All Criminal Charges Because Additional Material Exculpatory Evidence is Missing, Destroyed, Or Not Preserved," raising allegations with regard to "Defendant's packed suitcase, two (2) pillows, and blanket." Motion filed 12/11/16. The

---

[17] With regard to the hose observed running from the tailpipe of the Defendant's car into the passenger compartment through the driver's window, we note that testimony and evidence introduced at trial established that what initially appeared to be a single hose was, in fact, two hoses joined together. N.T 9/12/17 at 179.

24

Commonwealth answered the Defendant's additional motion, and on May 15, 2017, the Court filed an Opinion and Order denying both of the Defendant's motions. We rely on the analysis and reasoning contained therein in response to both of the Defendant's current allegation's error.

To briefly summarize, with regard to the Defendant's car, we recognized that the car had been destroyed by a third party, "without permission of the Commonwealth, the vehicle's owner, or the proceeding required by law," and that such destruction was under investigation by the Pennsylvania State Police." Opinion filed 5/15/17, at 2 (citing Commonwealth's Answer 11/15/16; N.T. 11/15/16 at 26-27). Further, we determined that there is no evidence of record that the vehicle's disappearance and destruction was the result of any bad faith on the part of the Commonwealth. *Id.* at 3, 6. Finally, we concluded that the Defendant's vehicle constituted only "potentially useful evidence," not "materially exculpatory evidence." *Id.* at 6.[18] Therefore, we concluded that the failure to preserve such evidence did not constitute the denial of due process. *Id.* at 3, 6 (citing *Arizona v. Youngblood*, 188 U.S. 51, 58 (1998) (holding that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."). See also *Commonwealth v. Snyder*, 599 Pa. 656, 672, 963 A.2d 396, 406 (2009) (finding "potentially exculpatory" soil samples to be "textbook case of potentially useful evidence").

---

[18] In doing so, we specifically noted the Defendant's acknowledgement that the vehicle constituted only "potentially exculpatory evidence." Opinion filed 5/15/17 at 6 (citing N.T. 11/15/16 at 18, 29).

25

With regard to the garden hoses, as addressed above, when the Defendant and her children were found seated in her parked car on the night of December 9, 2015, the hoses were found running from the tailpipe of the car, through the driver's window, into the passenger compartment. N.T. 9/12/17 at 133, 135-136, 149. The Defendant's Motion to Dismiss asserted that on November 1, 2016, the date Defense counsel inspected and photographed the evidence, Detective Parker and Assistant District Attorney Sam Sanguedolce "liberally touched and handled [the] physical evidence with their bare hands, (never wearing gloves), thereby contaminating or tampering with it." Motion filed 11/14/16 at 4. The Motion further asserted that the hoses appeared to Defense counsel to have been "washed or otherwise cleaned." *Id.* at 5. The Motion to Dismiss asserted that the Commonwealth's conduct "violates PA Rule 901 of Criminal Procedure because the Commonwealth is required to produce evidence sufficient to support a finding that the item is what the proponent claim it is, and this again is impossible." *Id.* at 5-6 (*citing* Pa.R.Crim.P. 901).[19] Finally, the motion stated that "no forensic inspection/ and/or testing" was conducted on the evidence from December 9, 2015 through the time the Commonwealth allegedly "mishandled, wrongfully manipulated, and washed or cleaned" it. *Id.* at 6.

---

[19] Pennsylvania Rule of Criminal Procedure 901 pertains to "Initiation of Post-Conviction Collateral Proceedings. Defendant' Motion to Dismiss obviously intended to cite to Pennsylvania Rule of Evidence 901(a), which provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a).

26

In response to the Defendant's request to dismiss the charges against her based on her allegations that the hoses were cleaned and that Detective Parker and Assistant District Attorney Sanguedolce touched the hoses without wearing gloves, the Commonwealth indicated to the court that the hoses had not been washed, and were in the same condition they were in when initially collected. N.T. 9/12/17 at 25-26. The Commonwealth further suggested that because the Defendant was charged with attempted murder, the absence of exhaust remnant in the hoses would not serve to exonerate her. *Id.*

In denying the Defendant's request to dismiss the charges against her based on her allegations that the hoses were cleaned and that Detective Parker and Assistant District Attorney Sanguedolce touched the hoses without wearing gloves we noted that there was no credible evidence presented that the hoses were cleaned. Opinion filed 5/15/17 at 4. We additionally pointed out that the hoses are in the possession of the Commonwealth, were inspected by the Defendant, and remained available for further inspection. *Id.* Further, we found that the Defendant failed to show how the alleged handling of the hoses without gloves would in any way alter the evidentiary value of whatever tests the Defendant might conduct on them. *Id.* at 5. Finally, we concluded that the Defendant wholly failed to show that the hoses, or any findings that might be obtained through testing of the hoses, are plainly exculpatory. *Id.* at 4. Because all that was shown with regard to the hoses is that they *could* have been subject to tests which *might* have provided exonerating evidence, they are at most "potentially useful" evidence, not "materially exculpatory evidence," such that the Defendant had to demonstrate that the Commonwealth acted in bad faith in its preservation and handling of the hoses. *Id.* at 5

27

(citing *Arizona v. Youngblood, supra*).[20] This the Defendant did not do. There is simply no evidence indicating that evidentiary material relative to the hoses was destroyed and even if it were, the destruction of evidence involved only potentially useful evidence and did not involve bad faith.

Similarly, with regard to the "packed suitcase and pillows" referenced by the Rule 1925(b) Statement's tenth allegation of error, we denied the Defendant's request to dismiss the charges against her based on her allegation that the Commonwealth failed to preserve such evidence because there is nothing of record to suggest that these items are anything more than potentially useful to the Defendant. She has not established that they constitute materially exculpatory evidence, and she has wholly failed to show that there was any bad faith on the part of the Commonwealth with regard to the handling of this evidence.[21]

---

[20] Indeed, with regard to the alleged "cleaning" of the hoses, Defense counsel specifically indicated to the Court that he was not alleging "intentional malfeasance or wrongdoing." (N.T. 11/15/2016 at 20).

[21] Further, to the extent that the Defendant's motions to dismiss relied on *Brady v. Maryland*, 373 U.S. 83 (1963), we note that such reliance is misplaced. As the Superior Court explained in *Commonwealth v. Free*, 902 A.2d 565, 573 (Pa. Super. 2006):

> [M]atters such as this one are not to be analyzed under *Brady*, as made clear by the United States Supreme Court:
>
>> The Due Process Clause of the Fourteenth Amendment, as interpreted in *Brady*, makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material[,] *exculpatory* evidence. But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which *no more can be said than that it could have been subjected to tests*, the results of which *might* have exonerated the defendant.
>>
>> *Youngblood, supra* at 57, 109 S.Ct. 333.

28

The Defendant's two Motions to Dismiss were properly denied. As such, the Defendant is not entitled to appellate relief based on her claim that this Court erred in denying the motions.

## J. ELEVENTH ALLEGATION OF ERROR

The Defendant's Rule 1925(b) Statement lastly asserts that this Court erred in denying her "Motion for Dismissal of Charges for Violating the Speedy Trial Rule 600." 1925(b) Statement at 6. Although the Rule 1925(b) Statement does not cite to the location in the certified record where the motion in question was made by the Defendant or addressed by this Court, our review of the record reflects that the Defendant filed a Rule 600 motion on April 21, 2017, asserting a violation of Rule 600(A)(2)(a).[22]

Pertinent to the Court's eventual denial of the motion, the Defendant alleged therein that pursuant to Rule 600(A)(2), she should have been brought to trial "on or about April 4, 2017." Motion filed 4/21/17 at 2.[23] The motion went on to describe what the

---

> Like the Court in *Youngblood*, we are confident that *Brady* does not present the proper analysis in this case. Instead, [*California v. Trombetta*, 467 U.S. 479 (1984)], and its progeny in the federal courts and in this Commonwealth apply.

*Commonwealth v. Free*, 902 A.2d 565, 573 (Pa. Super. 2006) (italics added).

[23] Pursuant to Rule 600(A)(2)(a), trial in a court case in which a written complaint is filed against the defendant must commence within 365 days from the date on which the complaint is filed. Pa.R.Crim.P. 600(A)(2)(a). Further:

> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

[23] The motion indicated that this date takes into account eighty-five (85) days that she acknowledges are attributable to defense continuances. Motion filed 4/21/17 at 2. The motion did not provide any other specific time periods, but indicated that "each and every

29

Defendant termed as the repeated "de-listing" of her case from the "trial ready/trial standby' list," which the motion asserted amounted to "unfairly grant[ed] continuances" to the Commonwealth. *Id.* at 3. The motion urged the Court to find that because the Commonwealth did not exercise due diligence by "chronically remov[ing]" the Defendant's case from the trial list," all computation of time should run against the Commonwealth for Rule 600 purposes. *Id.* at 4. The motion further asserted that mere assertions of due diligence and unsupported facts are insufficient to "meet the burden of a 'preponderance of evidence' necessary to prove the existence of due diligence in bringing a defendant to trial. *Id.* at 4-5 (*citing* Commonwealth v. Caden, 487 A.2d 1, 4 (Pa. Super. 1984)).

The Commonwealth filed an Answer and supporting brief to the Defendant's motion to dismiss, specifically addressing each delay in the case and the party the Commonwealth believed should be held responsible for the delay. Brief filed 4/26/17 at 3-7.[24] Thereafter, the Commonwealth urged the Court find that it has acted with due diligence in bringing the Defendant to trial. *Id.* at 8. Additionally, the Commonwealth disputed the Defendant's claim that the time during which motions were pending before the Court is attributable to the Commonwealth. *Id.*

A hearing on the Defendant's Rule 600 motion was conducted on May, 19, 2017, after which the Defendant's Rule 600 motion was denied. In addressing and denying the motion, we acknowledged the Defendant's reference to "de-lisitings," which she believed

---

month" since "at least October 2016," the Luzerne County District Attorney's office "de-listed" the Defendant's case from a "trial ready/trial standby list." *Id.* at 3.
[24] We note that we are in agreement with the time periods and attribution of delay to the parties set forth in the Commonwealth's April 26, 2017 brief.

30

constituted "continuances" attributable to the Commonwealth for purposes of computation of time for Rule 600. We opined, however, that this characterization was the result of Defense counsel's misunderstanding of the manner in which criminal cases are listed for trial in Luzerne County. N.T. 5/19/17 at 8-9. We specifically explained that while not every case on a trial list is called for jury selection on any given Monday of the trial term, the cases that were not called remain on that trial list, pending trial. *Id.* at 8-9. Despite Defense counsel's confusion, cases are not "de-listed." *Id.* We further explained that a review of the docket in this matter reflects that there is substantial time which is excludable from the Rule 600 computation, including numerous continuances agreed to by the parties and pending pre-trial motions. *Id.* at 9. Finally, we explained that any delay in bringing the Defendant to trial was not attributable to the Commonwealth for failure to exercise due diligence. *Id.*

Our denial of the Defendant's Rule 600 motion is fully supported by the record, and the current allegation of error asserting otherwise is without merit. In so suggesting, we initially note that the Defendant's Rule 1925(b) Statement's single specific allegation accompanying the claim that her Rule 600 motion should have been granted is her assertion that "[a] significant delay in the proceedings was not due to the unavailability of the Defendant, but rather due to the failure of the Honorable Court to rule on this said motion for over 6 months." *Id.* As noted above, however, the Defendant filed the Rule 600 motion on April 21, 2017, and the motion was denied by this Court on May 19, 2017. The record thus belies the Defendant's claim that there was a delay of "over 6 months" in ruling on the motion.

31

Looking beyond this confusion on the Defendant's part, a careful review of the record as a whole confirms that the Defendant's Rule 600 motion was properly denied. As the Comment to Rule 600 explains:

> [T]he inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. See, e.g., *Commonwealth v. Dixon*, 589 Pa. 28, 907 A.2d 468 (2006); *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12 (1998). If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. See, e.g. *Commonwealth v. Browne*, 526 Pa. 83, 584 A.2d 902 (1990); *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981). In determining whether the Commonwealth has exercised due diligence, the courts have explained that "[d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." See, e.g., *Commonwealth v. Selenski*, 606 Pa 51, 61, 994 A.2d 1083, 1089 (Pa. 2010) (citing *Commonwealth v. Hill* and *Commonwealth v. Cornell*, 558 Pa. 238, 256, 736 A.2d 578, 588 (1999)).
>
> Delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time. See, e.g., *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983). However, when the delay attributable to the court is so egregious that a constitutional right has been impaired, the court cannot be excused for postponing the defendant's trial and the delay will not be excluded. See *Commonwealth v. Africa*, 524 Pa. 118, 569 A.2d 920 (1990).

Pa.R.Crim.P. 600, Comment. Although "[t]he Commonwealth has the burden of establishing by a preponderance of the evidence that it exercised due diligence throughout the prosecution," it is equally clear that "the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." *Commonwealth v. McCarthy*, 180 A.3d 368, 374-375 (Pa. Super. 2018).

Here, the record before the Court clearly supports this Court's determination that the Commonwealth met its burden of establishing by a preponderance of the evidence

32

that it exercised due diligence throughout the prosecution, and that no violation of Rule 600(A)(2) occurred. In reaching this conclusion, we note that to the contrary, the record reflects that any delay that occurred here was the result of circumstances beyond the Commonwealth's control and despite its due diligence.

We respectfully suggest to the Superior Court that the denial of the Defendant's Rule 600 Motion is supported by the record, and did not represent an abuse of discretion on this Court's part, because the denial did not override or misapply the law, was not manifestly unreasonable, and was not the result of partiality, prejudice, bias or ill-will. *Commonwealth v. Bradford*, 616 Pa. 122, 134, 46 A.3d 693, 700 (2012). As such, the Defendant's current allegation of error in this regard does not provide a basis for relief on appeal.

## CONCLUSION

For the foregoing reasons, the Defendant's appeal should be denied in its entirety, and the Defendant's judgment of sentence affirmed.